Argued April 6, affirmed May 2, 1978

GLEASON et ux, *Appellants,*

*v.*

INTERNATIONAL MULTIFOODS CORPORATION
et al, *Respondents.*

(TC A 7701 00041, SC 25349)

577 P2d 931

Gerald D. Wygant, Portland, argued the cause and filed the brief for appellants.

Barnes H. Ellis, of Davies, Biggs, Strayer, Stoel & Boley, Portland, argued the cause for respondents. With him on the brief was Michael L. Rosenbaum, of Davies, Biggs, Strayer, Stoel & Boley, Portland.

Before Denecke, Chief Justice, and Holman, Tongue and Lent, Justices.

TONGUE, J.

## TONGUE, J.

This is an appeal from a summary judgment in favor of defendants in a stockholders' derivative suit. Defendants' motion for summary judgment must be considered in the light of the facts as alleged in plaintiffs' complaint, which may be summarized as follows (omitting jurisdictional and other formal allegations):

"2. Plaintiff is a stockholder in defendant Smoke-Craft, Inc. and this suit is brought on behalf of all shareholders similarly situated.

"3. Prior to the filing of this suit demand was made on the directors of defendant Smoke-Craft, Inc. to institute action on behalf of the corporation, and that demand was refused.

"4. Both defendant Smoke-Craft, Inc. and defendant William Mikkelson were defendants in an action in the U.S. District Court for Oregon titled Robert L. Oldright vs. Smoke-Craft, Inc. and William Mikkelson, number 73-818. Although both defendants were parties to the action, defendant William Mikkelson caused defendant Smoke-Craft, Inc. to offer to settle the matter for payment of $315,000 from funds of Smoke-Craft, Inc. along [sic]. On January 31, 1975 defendant William Mikkelson caused a check to be drawn on the checking account of the defendant Smoke-Craft, Inc. for $315,000 and it was accepted by Robert L. Oldright. Plaintiffs believe that all of the money paid in the settlement should have been paid by defendant William Mikkelson alone.

"\* \* \* \* \*."

Defendants' motion for summary judgment was supported by the affidavit of the secretary of Smoke-Craft, Inc., which included the following statements, among others:

"4. As reflected in the minutes of that meeting, a true copy of which is attached as Exhibit A to this Affidavit, the Directors present reviewed and approved a proposed settlement in the case of *Oldright v. Smoke-Craft, Inc. and William Mikkelson,* Civil No. 73-818, pending in the United States District Court for the

[ 255 ]

District of Oregon, in which the plaintiff claimed damages by reason of the failure of Smoke-Craft, Inc. to register certain shares of stock held by him with the United States Securities and Exchange Commission. A copy of the *Oldright* complaint is attached as Exhibit B to this affidavit. Smoke-Craft, Inc. was represented in that case by Donald W. McEwen, a partner in the firm of Hardy, Buttler, McEwen, Weiss & Newman of Portland, Oregon. Based on the recommendation of counsel, the Smoke-Craft, Inc. Board of Directors unanimously approved the terms of the settlement, which called for a repurchase of Mr. Oldright's 111,951 shares of Smoke-craft, Inc. for $315,000.

"I personally, and to the best of my knowledge and belief each of the other members of the Smoke-Craft, Inc. Board of Directors, acted in good faith and in what each of us believed to be in the best interests of the corporation in approving the settlement. Each of the members of the Board of Directors personally owned shares in the company. In addition to the formal vote at the meeting the minutes of the meeting were circulated to all directors, including directors not present at the meeting, for their signatures and approval. Each member of the Board of Directors affirmed the decision.

"5. Pursuant to that decision of the Board of Directors of Smoke-Craft, Inc., payment was made to Mr. Oldright in the amount of $315,000 in exchange for his 111,951 shares of stock. A general release was obtained (Exhibit C hereto attached), and an order of dismissal was entered by the court on January 31, 1975 (Exhibit D hereto attached).

"6. Subsequently, I received a letter dated March 10, 1975 from Mr. G. D. Wygant, attorney for Mr. Royal E. Gleason, demanding that the Board of Directors of Smoke-Craft, Inc. take action to recover from Mr. Mikkelson the money paid to Mr. Oldright (Exhibit E hereto attached).

"7. On April 17, 1975, at its next regular meeting, the Board of Directors, consisting of the same persons described in paragraph 3 above, considered Mr. Gleason's request. As reflected in the minutes of that meeting (Exhibit F hereto attached), the Board of Directors unanimously determined to refer the request to

independent counsel, Mr. McEwen. I personally, and to the best of my knowledge and belief each of the other members of the Board of Directors in making this determination, acted in good faith and in what each of us believed to be the best interests of the corporation.

"8. On May 1, 1975 Mr. McEwen advised Mr. Wygant as counsel for Mr. Gleason that the Board of Directors of Smoke-Craft, Inc. declined to comply with his request (Exhibit G hereto attached).

"9. Over a year later, in the spring of 1976, I participated in negotiations leading to the merger of Smoke-Craft, Inc. into International Multifoods Corporation, a Delaware corporation (IMF). During the course of those negotiations, IMF was fully informed of the terms and conditions of the settlement of the *Oldright* case.

"* * * * *."

Plaintiffs filed no opposing affidavits.

Plaintiffs' brief on this appeal includes the following statements:

"Appellants appeal from the Order granting summary judgment on the grounds that issues of fact remain which are material to the controlling legal issues. * * *

"* * * * *

"The motion and affidavit filed by the defendants does not answer all issues of fact which are material to the controlling legal issues.

"* * * * *

"* * * [T]he plaintiffs request that the court allow a trial of the matter and if at the trial the plaintiffs are unable to show either an abuse of discretion, negligence or breach of trust by the board of directors, then a directed verdict would be in order."

Thus, although it appears that plaintiffs contend that there are issues of fact which should be resolved upon a trial of this case, plaintiffs filed no affidavits opposing those filed by defendants in support of their motion to dismiss.

ORS 18.105(4) expressly provides that

"* * * When a motion for summary judgment is

made and supported as provided in this section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue as to any material fact for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

■■  It follows that when defendants filed their motion for summary judgment, supported by affidavit, plaintiffs were required to respond by affidavit or "otherwise as provided" by that statute, and were not entitled to rely either upon the allegations of their complaint or statements in their trial memorandum. *See Pelage v. Chrysler,* 278 Or 223, 227, 563 P2d 701 (1977). If plaintiffs were then unable to present such affidavits, but expected to be able to develop such facts through discovery, their proper recourse was to proceed under ORS 18.105(5) by the filing of an affidavit explaining why such discovery was necessary.[1]

■  Because of plaintiffs' failure to either submit affidavits opposing the affidavits supporting defendants' motion for summary judgment or to show why they were unable to do so, the trial court did not err in allowing defendants' motion for summary judgment unless a summary judgment would not have been "appropriate" within the meaning of ORS 18.105(4), even under the facts as stated in defendants' affidavits.

Although plaintiffs made no such direct contention, they say that:

    "* * * The board of directors may not give away

---

[1] ORS 18.105(5) provides:

"Should it appear from the affidavits of a party opposing the motion that he cannot, for reasons stated, present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment, or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had, or may make such other order as is just."

corporate assets or refuse to take action even if it claims that it acted in good faith and did not breach a trust. *Groel v. United Electric Co. of New Jersey,* 70 N.J.Eq. 616, 61 A. 1061 (N.J. 1905). Failure to sue on a valid claim of the corporation, has been treated as an *ultra vires* giving away of a corporate asset without discussion of whether the conduct of the directors in failing to sue or defend might not under the circumstances be reasonable from a business standpoint. *Helvering v. Davis,* 301 U.S. 619, 57 S.Ct. 904 (1937). *Ashwander v. Tennessee Valley Authority,* 297 U.S. 288, 56 S.Ct. 466 (1936). * * *"

In response, defendants cite *Zidell v. Zidell, Inc.,* 277 Or 413, 419, 560 P2d 1086 (1977), in which this court, in a suit to require a corporation to declare dividends, quoted with approval the following rule, as stated in *Gay v. Gay's Super Markets, Inc.,* 343 A2d 577, 580 (Me 1975):

" 'If there are *plausible business reasons supportive of the decision of the board of directors, and such reasons can be given credence, a Court will not interfere with a corporate board's right to make that decision. It is not our function to referee every corporate squabble or disagreement.* It is our duty to redress wrongs, not to settle competitive business interests. Absent any bad faith, fraud, breach of fiduciary duty or abuse of discretion, no wrong cognizable by or correctable in the Courts has occurred.' " (Emphasis added)

With reference, however, to the refusal of the directors of a corporation to bring an action to recover money allegedly due to the corporation, the rule has been stated as follows in 13 Fletcher Cyclopedia Corporations 131, § 5822 (Rev vol 1970):

"Refusal of majority stockholders or corporate officers to sue may constitute a noninterferable act of discretion, on the one hand, or a breach of trust or fraud on the other hand. It all depends upon the circumstances. Generally, where the right of the corporation to recover

is doubtful, or the results, even if successful, would be of little or no net value, it would seem that the refusal to sue would be within the discretion of the board of directors or others managing the corporation, so that a minority stockholder would have no right to relief. On the other hand, *where the right to recover is clear, it would seem that the management has no right to refuse to sue, and that where it does so refuse, the minority stockholders may sue in the place of the corporation * * *.*

"The mere fact that a corporation has a cause of action for an injury does not always make it incumbent upon it to sue, any more than in the case of an individual. If, in the opinion of the directors or a majority of the stockholders, the best interests of the company do not require it to sue, it need not do so. *The matter ordinarily is within their discretion, and if they act in good faith, their refusal to sue violates no right of dissenting stockholders,* so as to entitle them to maintain a suit in their own behalf. * * *" (Emphasis added)

■  In our judgment, the facts as stated in the affidavit supporting defendants' motion for summary judgment were sufficient to show that the directors of Smoke-Craft acted in good faith in settlement of the *Oldright* case, in the absence of a statement of contrary facts in opposing affidavits. Not only did plaintiffs' file no affidavits contradicting defendants' claim of good faith, but plaintiffs filed no affidavits stating facts sufficient to show that the right of the corporation to recover $315,000 from Mr. Mikkelson was "clear" or to otherwise show that its board of directors acted wrongfully in approving that settlement.

In the absence of such affidavits we cannot say that the entry of a summary judgment was not "appropriate" within the meaning of ORS 18.105(4).[2]

---

[2]We have read *Groel v. United Electric Co. of New Jersey,* 70 NJ Eq 616, 61 A 1061 (NJ 1905), as well as *Helvering v. Davis,* 301 US 619 (1937), and *Ashwander v. Tennessee Valley Authority,* 297 US 288 (1936), as cited by plaintiffs, and do not believe that they require a different result.

■ The judgment of the trial court is affirmed.[3]

---

[3]Plaintiffs also assign as error the overruling of their objection to the inclusion in defendants' cost bill of the cost of the deposition of plaintiff Royal E. Gleason, as taken by defendants and submitted to the trial court in support of their motion for summary judgment. Portions of the deposition were also read to the court at the hearing on that motion. ORS 20.020 includes as allowable costs to the prevailing party "the necessary expenses of taking depositions." We have held that whether the taking of a deposition was "necessary" is ordinarily a matter to be left to the discretion of the trial court. *American Sanitary Service v. Walker,* 276 Or 389, 395, 554 P2d 1010 (1976). We hold that the trial court did not abuse that discretion in this case.