Argued November 3, affirmed November 22, 1978

# BEVAN, *Appellant,*
## *v.*
# GARRETT, *Respondent.*
## (TC 76-2882-L-3, SC 25628)

586 P2d 1119

■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■

Robert L. Cowling, Medford, argued the cause for appellant. On the briefs was Dennis H. Black, of Ford & Cowling, Medford.

James C. Rhodes, Deputy Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Denecke, Chief Justice, and Holman, Tongue, Howell and Linde, Justices.

■■■■■■■■

TONGUE, J.

## TONGUE, J.

This is an action for damages arising from a false statement allegedly made by defendant about plaintiff, who was then a candidate for the office of Treasurer of Jackson County. The complaint alleged two causes of action: one as an action under ORS 260.532 relating to false statements about candidates for public office and the second as an action for common law defamation. Plaintiff appeals from the granting of defendant's motion for a summary judgment. We affirm.

Defendant was the Administrator of the Oregon State Board of Accountancy. Plaintiff's complaint alleged that:

"On or about October 5, 1976 defendant did utter and did cause to be published in the Medford Mail Tribune a statement to the effect that: 'Following that election' (the June primary), 'Bevan's attorney wrote to the board saying future advertisements would not describe Bevan as an accountant, but she said the current campaign materials still use the term accountant.' "

Defendant's answer denied these allegations and alleged, as an affirmative defense, that any statement made by defendant about plaintiff on or about October 5, 1976, was made by defendant in the performance of her official duties as a state officer. This allegation was denied by plaintiff's reply.

Defendant then filed a motion for summary judgment based upon affidavits. According to defendant's affidavit:

"My first awareness of plaintiff came from a May 27, 1976 letter to me at the Board of Accountancy office questioning the accuracy of a political advertisement by him which contained the words 'Accountant—Licensed' on one line, and the words 'Tax Consultant' immediately below. Plaintiff was not licensed as an accountant. I presented that letter to the Board of Accountancy and thereafter wrote a letter to plaintiff dated July 23, 1976. In response to my letter, I received a letter from an

attorney for plaintiff dated August 3, 1976, to which I responded by letter dated September 23, 1976. * * *"

The letter to plaintiff dated July 23, 1976, stated, among other things, that:

"The advertisement shows your credentials as 'Accountant-Licensed' in the same line in connection with your profession as a Tax Consultant. The Board feels this advertisement is misleading in that is suggests that you are a licensed accountant. This conduct would violate various accounting statutes including 673.310."

The answering letter from plaintiff's attorney, dated August 3, 1976, stated, among other things, that:

"* * * As I understand it, there is no prohibition against Mr. Bevan's advertising himself as an accountant if he possesses an accountant's degree. It would appear to a reasonable person that Mr. Bevan is stating that he is an accountant and a licensed tax consultant, which he is.

"* * *

"However, in view of your objection, in the future Mr. Bevan will place the word 'Accountant' on one line and the words 'Licensed Tax Consultant' on a separate line in his political campaign material, which I trust will satisfy any objection you may have. * * *"

The responding letter from defendant to plaintiff's attorney, dated September 23, 1976, stated, among other things, that:

"We have no reason to doubt Mr. Bevan has an 'accounting degree,' although most schools grant a degree in business administration rather than accounting. However, merely because Mr. Bevan has an 'accounting degree' does not per se make him an accountant any more than an LLB degree makes one an attorney at law. A person must still pass a state examination which qualifies him to be entitled to use the title.

"The Board wishes to cooperate with your client and suggests that his political advertising be modified to add the word 'degree' after accounting. This is factual and accurate and would not mislead the public in any way whatsoever.

[ 296 ]

"I would appreciate hearing from you regarding this suggestion and hope that your client will accept the Board's desire to cooperate in resolving this issue."

Before receiving an answer to that letter, however, the following occurred, according to defendant's affidavit:

"On or about October 4, 1976, I received a telephone call at my office from a man who identified himself as a reporter for United Press International, and he asked me questions concerning plaintiff's involvement with the Board of Accountancy. In the course of answering, I stated that plaintiff was not a licensed accountant and that plaintiff's attorney had written to the Board to the effect that plaintiff's future advertisements would not describe plaintiff as a licensed accountant; I did not tell the reporter that plaintiff's attorney had written to the Board that plaintiff's future advertisements would not describe him as an accountant."

No affidavits filed by plaintiff in opposition to defendant's motion for summary judgment denied these facts, as alleged in the affidavit of defendant attached to her motion for a summary judgment.[1]

Upon this record, the trial court entered a summary judgment in favor of defendant, based on a finding that

"* * * [T]here is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law * * *."

In support of his contention that the trial court erred at the entry of summary judgment plaintiff says in his brief, among other things, that:

"* * * As stated in *Gleason, et ux v. International Multifoods Corp., et al,* 282 Or 253, 577 P2d 931 (1978), at page 255, 'Defendants' motion for summary judgment must be considered in the light of the facts as alleged in plaintiffs' complaint.' *Nowhere in her affidavits does defendant negate the allegation in the complaint that her*

---

[1] Affidavits were filed by plaintiff in opposition to defendant's motion for summary judgment. Plaintiff's affidavits, however, did not deny those portions of the affidavit of the defendant, as set forth above, including her statement as to what she told the newspaper reporter.

*conversation with the reporter included a statement that the plaintiff had failed to comply with a promise made to the State Board Accountancy through his attorney.* With that central issue left unaddressed in the affidavits filed by defendant, no summary judgment based upon the underlying factual issues of the case was appropriate." (Emphasis added)

■ Since the adoption of the statute providing for motion for summary judgment (ORS 18.105), this court has on several occasions attempted to make it clear to lawyers the effect of the express terms of that statute. Under ORS 18.105, when a defendant makes a motion for summary judgment, supported by affidavits stating facts under which (if true) plaintiff would not be entitled to a judgment, the plaintiff cannot sucessfully oppose such a motion by contending that the facts as stated in such affidavits are contrary to the allegations of his complaint, with the result that an issue of fact is presented so as to make it improper to grant the motion for summary judgment. *See e.g., Melton v. Allen,* 282 Or 731, 735, 580 P2d 1019 (1978); *Gleason v. International Multifoods Corp.,* 282 Or 253, 257-58, 577 P2d 931 (1978); *Pelege v. Chrysler,* 278 Or 223, 227, 563 P2d 701 (1977).

As pointed out in *Gleason,* upon which plaintiff seeks to rely (at 257-58), ORS 18.105(4) expressly provides that:
"* * * When a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue as to any material fact for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

In *Gleason,* the court held (at 258) that:
"* * * when defendants filed their motion for summary judgment, supported by affidavit, plaintiffs were

required to respond by affidavit or 'otherwise as provided' by that statute, and were not entitled to rely * * * upon the allegations of their complaint * * *."

■ In this case plaintiff failed to respond to defendant's motion for summary judgment, which was supported by affidavits, by filing counter affidavits which denied the truth of the facts as stated in defendant's affidavits, and as set forth above. It follows that the trial court did not err in granting defendant's motions for summary judgment based upon his finding that "there was no genuine issue as to any material fact" unless even under the facts alleged in defendant's affidavit, the entry of summary judgment would not be "appropriate." *See* ORS 18.105(4). *Cf. Gleason v. Multifoods Corp., supra,* at 258.

Plaintiff makes no such direct contention. Plaintiff states in his brief, however, that:

"Respondent * * * contends that the affidavit evidence which she introduced establishes conclusively that no defamation occurred. This Summary Jugment Motion was brought, briefed and argued on the basis of the legal contentions advanced by Respondent in the Memorandum of Law which she filed in support of the motion. At no point did she contend before the trial court that her affidavits were directed towards establishing that no defamation occurred."

■ It may or may not be true, as contended by plaintiff, that defendant's attorneys did not, at the time of argument in support of her motion for summary judgment, expressly contend that her affidavit established that no defamation occurred. Defendant's motion for summary judgment, however, was upon the express ground, among others, that there was "no genuine issue as to certain material facts." In addition, when it appears from the record that a trial judge has entered a judgment which reaches a correct result, we affirm such a judgment even though at the time of trial neither party states as a contention the reason why the entry of such a judgment was proper. *See State Farm Fire v. Sevier,* 272 Or 278, 298, 537 P2d 88 (1975).

Plaintiff's complaint alleged that defendant "did utter and did cause to be published in the Medford Mail Tribune" a statement to the effect that plaintiff's lawyer had promised that plaintiff's future campaign advertisements "would not describe Bevan as *an accountant.*"

We believe it to be obvious that plaintiff would not be entitled to recover a judgment either under ORS 260.532 or at common law if, as stated in defendant's affidavit, her statement to the reporter was "that plaintiff was not a licensed accountant and that plaintiff's attorney had written to the Board to the effect that plaintiff's future advertisements would not describe plaintiff as a *licensed* accountant" (as stated in his letter of August 3, 1976, also attached to defendant's motion), and that she "did not tell the reporter that plaintiff's attorney had written to the Board that plaintiff's future advertisements would not describe him as *an accountant.*" This is so because under such facts plaintiff did not "utter" the alleged false statement and also did not "cause to be published" the erroneous story by the Medford Mail Tribune that plaintiff's attorney had promised that plaintiff's future campaign advertisements "would not describe Bevan as *an* accountant."

On this record we cannot say that the entry of a summary judgment was not "appropriate" within the meaning of ORS 18.105(4). It follows that the trial court did not err in granting defendant's motion for summary judgment.[2]

---

[2] Because of the basis on which we decide this case we need not consider defendant's further contention that in making the statements complained of she was acting as the administrator of the Oregon State Board of Accountancy and was performing a discretionary function so as to be protected by an absolute privilege and that ORS 260.532 extends only to written, not oral, statements about candidates for public office. Nor do we face a question whether liability can constitutionally be imposed for such statements about a candidate.