Argued November 21, affirmed December 26, 1978, reconsideration denied January 30, petition for review denied February 13, 1979

ANDERSON, *Appellant,*
*v.*
PORTLAND COMMUNITY COLLEGE, *Respondent.*
(No. 166163, CA 11005)
588 P2d 128

Nikolaus Albrecht, Portland, argued the cause and filed the brief for appellant.

William P. Buren, Portland, argued the cause for respondent. With him on the brief was Wood, Tatum, Mosser, Brooke & Holden, Portland.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Plaintiff appeals granting of defendant's motion for summary judgment, contending there was a genuine issue of fact. Defendant contends the judgment should be affirmed because plaintiff rested on his pleadings and did not file a counter affidavit or otherwise set forth facts showing an issue as to a material fact for trial.

Defendant's motion for summary judgment was filed in response to plaintiff's sixth complaint (fifth amended complaint). In support of the motion defendant submitted an affidavit of its president and a memorandum designating certain admissions in plaintiff's original complaint and the first, second and third amended complaints. Plaintiff filed no affidavit or presented no evidence respecting the motion.

We take the facts from the successive pleadings filed by plaintiff. They alleged that defendant is an educational institution of the state of Oregon. Plaintiff delivered his motorcycle to defendant on May 26, 1976, for repair, with the agreed upon price being $150. On December 13, 1976, plaintiff offered to pay $150 for the repairs but defendant demanded $350 and refused to surrender the motorcycle. In the fifth amended complaint plaintiff alleged he gave notice of his claim to defendant within 180 days "of when the claim arose."

■ The central question is whether there was an issue of fact as to whether the notice required by ORS 30.275 was given within 180 days of when the claim arose. Defendant's argument is that the admission in plaintiff's first four complaints shows the claim arose on May 26, 1976. Defendant designated these admissions as evidence in conjunction with the motion for summary judgment. The affidavit of the president of defendant alleged no notice was received within 180 days of May 26, 1976. We affirm.

[ 819 ]

■ The prior pleadings filed by plaintiff are available as evidence. The Supreme Court, in *Klemgard et al v. Wade Seed Co.,* 217 Or 409, 342 P2d 757 (1959), stated the rule as follows:

> "Although a pleading loses its status as such when it is superseded by an amended one, it never vanishes from the files. If it contains something adverse to the pleader's position it is always available for introduction as an item of evidence. The observation just made is so well established in this state that it is unnecessary to cite authorities.* * *" 217 Or at 414.

Plaintiff's several complaints alleged an action for conversion of the motorcycle. In the fifth amended complaint plaintiff prayed for return of the motorcycle or $800 in damages. The first four complaints alleged the conversion occurred on May 26, 1976. The affidavit submitted with the summary judgment motion stated no statutory notice of claim was received within 180 days of May 26, 1976. Plaintiff filed no affidavit or presented no controverting evidence to the admissions in the pleadings or the affidavit of defendant's president. Plaintiff argued the fifth amended complaint alleged the conversion occurred on December 13, 1976, and therefore an issue of fact arose as to the timeliness of the notice.

■ *Bevan v. Garrett,* 284 Or 293, 586 P2d 1119 (1978), is dispositive of this issue. Respecting a similar contention the court said:

> "In this case plaintiff failed to respond to defendant's motion for summary judgment, which was supported by affidavits, by filing counter affidavits which denied the truth of the facts as stated in defendant's affidavits * * *. It follows that the trial court did not err in granting defendant's motions for summary judgment based upon his finding that 'there was no genuine issue as to any material fact' unless even under the facts alleged in defendant's affidavit, the entry of summary judgment would not be appropriate. * * *" 284 Or at 299.

Plaintiff can not simply rest on his pleadings to make out an issue of fact in the face of evidence presented by

defendant in conjunction with the motion for summary judgment. ORS 18.105(4).

■ In the alternative, plaintiff contends the notice set forth in ORS 30.275 is not required in an action where return of property is sought but not damages. This contention must fail for the simple reason that plaintiff's fifth amended complaint did pray for damages in the amount of $800 if the motorcycle was not returned.[1]

Affirmed.

---

[1] We do not decide if an action for return of personal property is exempt from the notice requirement of ORS 30.275.