GLASSNER, *Respondent,*
*v.*
NORTHWEST LUSTRE CRAFT
COMPANY, INC., *Appellant.*
(TC A7709-12481, CA 11341)

591 P2d 419

Randall Vogt, Esq., of Speight & Vogt, Portland, argued the cause and filed the brief for appellant.

Kenneth Bourne, Esq., Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Buttler and Joseph, Judges, and Tongue, Judge Pro Tempore.

TONGUE, J., Pro Tempore.

**TONGUE, J.,** pro tempore.

This is an appeal from the granting of summary judgment in favor of plaintiff in a suit to rescind a "consumer paper" contract under which plaintiff had purchased from defendant for the sum of $1,378.20 various items of china dishes and glassware, among other things. Most of such goods were apparently delivered to plaintiff with the exception of eight dessert plates. Plaintiff's complaint alleged that defendant failed and refused to deliver these items and that plaintiff thereupon notified defendant of her rescission of the contract, tendered back to defendant the goods previously delivered and demanded the return of the money paid by her, but that defendant refused such tender and demand.

Defendant filed an answer in the form of a general denial, but with two affirmative defenses: (1) that "delivery could not be [made] because of the defense of impossibility" and (2) that defendant was "ready, willing and able to deliver said goods and has been for some time."

Plaintiff then filed a motion for summary judgment, with a memorandum of law and two exhibits. Plaintiff contended in that memorandum that defendant admitted by its answer that "delivery could not be made because of the defense of impossibility"; that it followed that because the goods not delivered were an "integral part of the total," and because time was of the essence in the contract, the only issue was whether "impossibility" was a valid defense, and that in *Strong et al v. Moore et al,* 105 Or 12, 23-24, 207 P 179 (1922), it was held that it is an implied condition of such a contract that if an "important part" of the subject matter of the contract has "ceased to exist when the time for performance arrives," each party is "discharged from the contract" and the "vendor can neither recover nor retain any part of the purchase price."

[177]

Two exhibits were attached to that motion. One was a copy of a letter dated June 3, 1977, from defendant to plaintiff enclosing a check for $98.76 for the "8 Midnight Halo fruits that we are not able to supply at this time" and stating that "[a]s soon as we receive the fruits we will advise you and you can pay cash for them at that time." Attached to that letter (and also to plaintiff's motion) was a copy of a letter to defendant from the manufacturer of the goods in question, dated March 11, 1977 (the second attached exhibit), stating that "we are experiencing a labor disruption" because of a strike following the expiration of a union contract; that production would be resumed as soon as an agreement was reached with the union, and that "all steps possible" were being taken "to insure that deliveries will again resume at the earliest possible time."

Defendant filed no affidavits in opposition to plaintiff's motion for summary judgment, but filed a memorandum stating that under ORS 18.105 the granting of summary judgment is not proper unless there is "no genuine issue as to any material fact." Defendant contended, among other things, that there were issues of fact arising from one of his affirmative defenses in that under the Uniform Commercial Code, ORS 72.6150, a "[d]elay in delivery or nondelivery in whole or in part" is not a breach of such a contract "if performance as agreed has been made impracticable by the occurrence of a contingency the nonoccurrence of which was a basic assumption on which the contract was made," provided that "[t]he seller must notify the buyer seasonably that there will be delay or nondelivery."

The trial court then entered a summary judgment, based upon a finding that "no issue of fact is presented and plaintiff is entitled to rescind her contract with defendant as a matter of law." Defendant appeals.

Normally, in order for a party against whom a motion for summary judgment is filed to contend that

it should not be granted because there are issues of fact to be resolved on trial, such a party must file a response which, by affidavits or otherwise, sets forth specific facts which show that a genuine issue of material fact exists.[1] If no such response is filed, however, a party opposing a motion for summary judgment can nevertheless contend that even if the facts are as stated in that motion and any affidavits supporting it, the entry of summary judgment is not "appropriate" within the meaning of ORS 18.105(4).[2]

■  In this case defendant's memorandum in opposition to plaintiff's motion for summary judgment refers to and relies upon the two letters attached as exhibits to plaintiff's motion for summary judgment. It appears from one of these letters that the reason why defendant claimed to have been unable to deliver the remaining items was that there had been a strike at the plant which supplied those items to defendant. It appears from the other letter attached to the motion that defendant had notified plaintiff that there would be a delay in delivery.

This transaction is controlled by the Uniform Commercial Code, which superseded the rule as stated in *Strong et al v. Moore et al, supra,* (relied upon by plaintiff) for all transactions subject to the UCC. As previously stated, and as contended by defend- ant in the memorandum filed by it in the trial court, it is provided by ORS 72.6150(1) that a "delay in delivery or nondelivery in whole or in part" is not a breach of a contract for the sale of goods "if performance as agreed has been made *impracticable* by the occurrence of a contingency the nonoccurrence of which was a basic assumption on which the contract was made"; provided that the seller has notified the buyer *"seasonably"* that

---

[1] ORS 18.105(4). *See Seeborg v. General Motors Corporation,* 284 Or 695, 698-700, 588 P2d 1100 (1978); *Gleason v. International Multifoods Corp.,* 282 Or 253, 257-58, 577 P2d 931 (1978).

[2] *See Bevan v. Garrett,* 284 Or 293, 299, 586 P2d 1119 (1978); *Gleason v. International Multifoods Corp., supra* n.1.

there will be a delay in delivery, as provided by ORS 72.6150(3).

Whether, in a case falling within these provisions of the UCC, performance has been made "impracticable" and whether such a notice was given "seasonably" are both questions of fact. In our judgment, when, as in this case, it is claimed that delivery of goods under a contract subject to the UCC has become impossible because of a strike, and when, as in this case, the seller has then given notice to the buyer that there will, as a result, be a delay in delivery, such a case would come within the intended provisions of ORS 72.6150 and 72.6160, provided that, as a result, performance has become "impracticable" and that such a notice was given "seasonably." These are "genuine issues of material fact" for the purposes of ORS 18.105, the summary judgment statute.[3] It is also our opinion that when, as in this case, such factual issues appear from letters attached to the motion for summary judgment, the granting of a summary judgment is improper.

For these reasons, the trial court erred in granting plaintiff's motion for summary judgment and this case must be remanded for trial.[4]

Reversed and remanded.

---

[3] As stated in 18 Williston on Contracts 103, § 1951A (3d ed 1978):

"In light of the trend of the law governing impossibility, there seems no reason why strikes should not be deemed an excuse on the basis of the failure of a means of performance assumed as essential by the parties to the contract. * * *"

[4] We do not reach the question whether a transaction involving the sale of goods for $1,378.20 can be rescinded for failure to deliver a portion of such goods worth $98, as that question was not briefed or argued by either party.