# ALLUM,
*Appellant,*

*v.*

# HUTCHINSON et al,
*Respondents.*

(8109 05459; CA A26370)

666 P2d 873

Jacquelyn Romm, Eugene, argued the cause for appellant. On the briefs were Robert D. Woods and Cass, Scott, Woods & Smith, Eugene.

Elizabeth Yeats, Portland, argued the cause for respondents. With her on the brief was Kobin & Meyer, Portland.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

**GILLETTE, P. J.**

Plaintiff and defendants were partners in a real estate venture. Plaintiff brought this action to recover a balance claimed due from the allocation of rents and profits following sale of the principal asset and dissolution of the partnership. His first claim for relief was based on the proportionate ownership of the partners; his second claim was based on fees paid to one of the defendant partners during the partnership for managing the partnership's principal asset. The trial court granted defendants' motion for summary judgment on both claims—on the first, because relief was barred by the statute of limitations; on the second, because the court found that the majority of the partners had modified the original partnership agreement to permit the payment of a fee like that in question here to a partner. Plaintiff appeals from the resulting judgment in favor of defendants.

A full recitation of the facts would not benefit bench or bar. We are satisfied that the trial judge's ruling concerning the application of the statute of limitations was correct. We are also satisfied that his ruling concerning the "modification" of the partnership agreement to permit payment of fees to a partner was not correct. A specific provision of the partnership agreement forbade such payments. The partner receiving the payments is obligated to reimburse the partnership.

Defendants argue that, even if they did not have the authority to modify the partnership agreement in this respect without plaintiff's consent, plaintiff did consent at one of the partnership meetings. There is a conflict in the evidence as to whether plaintiff did or did not consent. Thus, there is a material issue of fact to be tried, and summary judgment should not have been granted on plaintiff's second claim for relief. ORCP 47; *Glassner v. Northwest Lustre Craft Co.,* 39 Or App 175, 591 P2d 419 (1979).

Affirmed in part; reversed in part; and remanded.