Argued and submitted February 3, affirmed March 7, 1984

# BROWN,
*Respondent,*

*v.*

# BAKER,
*Appellant.*

## (124-460; CA A29122)

677 P2d 741

Melvin T. Rollema, Albany, argued the cause and filed the brief for appellant.

Ronald M. Hellewell, Salem, argued the cause for respondent. On the brief was Robert J. Gunn, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendant Baker (defendant) appeals from a judgment for plaintiff, claiming that the trial court erred in granting plaintiff's motion for summary judgment in this action for breach of a covenant in a warranty deed. We affirm.

In September, 1978, plaintiff entered into an earnest money agreement with E. Virginia Hunt to purchase the property at issue. In addition, defendant offered to purchase four lots adjacent to the subject property from her. The parties consolidated the earnest money transaction so that defendant purchased all five parcels and then conveyed the subject property to plaintiff. The warranty deed from defendant to plaintiff stated:

> "Grantor covenants that grantor is the owner of the above described property free of all encumbrances * * *.

> "Grantor will warrant and defend the same against all persons who may lawfully claim the same * * *. The true and actual consideration for this transaction is $10,000.00."

In July, 1980, the McGills, owners of property adjacent to the property plaintiff had purchased, filed suit against plaintiff, alleging that they had acquired a prescriptive easement for a driveway on the property. The court entered a judgment in favor of the McGills.

Plaintiff then sued, asserting two causes of action against defendant. First, he alleged that defendant had refused to defend or contribute money to plaintiff's defense in the McGill suit and, therefore, that plaintiff had been damaged in the amount of $7,500 for reasonable attorney fees in defending his title against the lawful claims of the McGills. Second, plaintiff alleged that the existence of the prescriptive easement reduced the value of the property by $3,500.

In his answer, defendant denied all of the allegations in the complaint, except that he had conveyed the property to plaintiff under the terms of the warranty deed quoted above. Defendant also raised three affirmative defenses, alleging that plaintiff was estopped from asserting claims for damages, because (1) at the time the warranty deed was executed plaintiff knew, and defendant did not know, that the driveway

ran across plaintiff's property and entered the McGills' property; (2) the parties agreed to convey the property to defendant and then to plaintiff at plaintiff's request; and (3) plaintiff was not damaged, because he bought the property for $10,000 and sold it for $25,000.[1]

Plaintiff's motion for summary judgment was supported by an affidavit, which stated, in part:

"I, JIM BROWN, being first duly sworn, do depose and say:

"1. That this Affidavit is made in support of the accompanying Motion for Summary Judgment.

"2. That I am the Plaintiff in the above-entitled action.

"3. That I purchased certain real property, more particularly described in the Complaint on file here, from the Defendant.

"4. That pursuant to the sale of said real property, Defendant executed a statutory Warranty Deed that provided that the property was free from all encumbrances and that the Defendant would defend the same against any person who claims the same.

"5. That on July 27, 1979, CLAUDE L. McGILL and E. REBA McGILL filed a suit against me in which they alleged that they owned a prescriptive easement across the property.

"6. That I notified the Defendant of the pendency of the McGill suit on December 21, 1979, and at other times, and I requested that Defendant defend me in that suit.

"7. That the Defendant failed and refused to defend or to contribute any money for the defense.

"8. That after litigation the Circuit Court entered judgment on June 2, 1980, finding that there was in existence, at the date of the Deed from Defendant to myself, a prescriptive easement across the property.

"9. That I was required to expend the sum of $7,500.00 for attorney fees in the McGILL suit.

---

[1] Defendant filed a third-party complaint against E. Virginia Hunt, alleging that the warranty deed from Hunt to defendant contained a covenant that the property was free of encumbrances. Defendant requested a judgment for damages for his reasonable attorney fees in defending against plaintiff's action and for the amount of the judgment, if any, that plaintiff is awarded against defendant. The trial court entered a final judgment against Baker only pursuant to ORCP 67B and the third-party action is not before us.

"10. That the value of the property has been reduced by approximately $3,500.00 as a result of the easement.

"11. That as a result of the easement, I no longer have free and exclusive use of the property.

"* * * * *"

Defendant moved for an order extending the time within which to respond to plaintiff's motion and continuing the hearing on that motion. Defendant's motion was supported by his attorney's affidavit, stating that defendant was not available to make an affidavit opposing plaintiff's motion and that, if he were available, he would state facts supporting his affirmative defenses. The court granted defendant's motion; nevertheless, defendant still failed to file an affidavit in opposition to plaintiff's motion for summary judgment.

ORCP 47D states, in part:

"* * * when a motion for summary judgment is made and supported [with affidavits] as provided in this rule an adverse party may not rest upon the mere allegations or denials of that party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue as to any material fact for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against such party."

Because plaintiff supported his motion with an affidavit and defendant failed to file an affidavit in opposition to the motion, the only question is whether summary judgment was "appropriate." Summary judgment was appropriate if plaintiff's affidavit alleges facts, admissible in evidence, showing that there was no genuine issue of material fact and that he was entitled to judgment as a matter of law. ORCP 47C; *Bevan v. Garrett,* 284 Or 293, 298-99, 586 P2d 1119 (1978).

The parties agree that the warranty deed from defendant to plaintiff was in the form provided in ORS 93.850(1). Defendant warranted that the property was free of all encumbrances and the consideration was stated. The legal effect of a deed in the statutory form is governed by ORS 93.850(2) and (3), which provide, in part:

"* * * * *

"[(2)](b) The grantor * * * shall be forever estopped from asserting that the grantor had, at the date of the deed, an estate or interest in the land less than that estate or interest which the deed purported to convey * * *.

"(c) It shall include the following covenants * * *:

"* * * * *

"(B) That at the time of the delivery of the deed the property is free from encumbrances except as specifically set forth on the deed.

"(C) That the grantor warrants and will defend the title to the property against all persons who may lawfully claim the same.

"(3) If the grantor desires to exclude any encumbrances or other interests from the scope of his covenants, such exclusions must be expresly set forth on the deed."

In this case, defendant did not exclude any encumbrances in the deed.

In his affidavit, plaintiff states that the McGills established the existence of a prescriptive easement across the property at the time of the deed from defendant to plaintiff, that the existence of the easement reduced the value of the property and that defendant had refused to defend the title against the McGills. Summary judgment was appropriate, therefore, if the easement is an "encumbrance" within the meaning of ORS 93.850.

In *Leach v. Gunnarson,* 290 Or 31, 39, 619 P2d 263 (1980), the Supreme Court defined "encumbrance" in the context of ORS 93.850:

"ORS 93.850 does not define the term 'encumbrance' but our prior cases have done so. An 'encumbrance,' as the term is used in a grantor's covenant that the premises are free and clear of all encumbrances, generally means 'any right to or interest in the land, subsisting in a third person, to the diminution of the value of the land, though consistent with the passing of the fee by conveyance.' * * *" (Citations omitted.)

The facts presented in plaintiff's affidavit clearly bring the McGills' easement within this definition of an encumbrance. In *Leach,* the court noted that ORS 93.850 does not exempt any specific types of encumbrances from its provisions and

that the general rule from case law is that "* * * a grantor's covenant against encumbrances in a warranty deed protects the grantee against *all* encumbrances existing at the time of the delivery of the deed * * *." 290 Or at 40. (Emphasis supplied.)

 Defendant argues that the McGills' easement is of a nature that exempts it from the general rule that a grantor warrants against all encumbrances. He argues that the easement constituted a known, open, notorious, visible, physical encumbrance and that such an encumbrance does not constitute a breach of the covenant under *Ford v. White,* 179 Or 490, 172 P2d 822 (1946), and *Barnum v. Lockhart,* 75 Or 528, 146 P 975 (1915). The court in *Leach* held, however, that the exception to the general rule is "* * * limited to known easements for public highways, powerlines, railroads, and the like. * * *" 290 Or at 42. Nothing in plaintiff's affidavit indicates the nature of the McGills' easement. Therefore, for defendant to raise a material issue of fact concerning the nature of the easement, it was necessary for defendant to present evidence in the summary judgment proceeding from which a reasonable person could conclude that the easement comes within the exception to the general rule that a warranty deed warrants against all encumbrances, unless expressly set forth in the deed. *See Seeborg v. General Motors Corporation,* 284 Or 695, 700, 588 P2d 1100 (1978). Because plaintiff's affidavit contains no facts indicating that the encumbrance at issue falls within the exception to the general rule that a grantor warrants against all encumbrances, and because defendant failed to file an affidavit or otherwise oppose the motion for summary judgment, plaintiff was entitled to judgment as a matter of law. The trial court did not err in granting plaintiff's motion for summary judgment.

Affirmed.