Argued April 6, affirmed May 3, 1977

ENGELKING et ux, *Appellants,*
*v.*
BOYCE, *Respondent.*
(No. 410-862, SC 24679)
563 P2d 703

Francis F. Yunker, Portland, argued the cause for appellants. With him on the brief was Darrell E. Bewley, Portland.

Gile R. Downes, Portland, argued the cause for respondent. With him on the brief were Jensen, DeFrancq, Holmes & Schulte, Portland.

Before Denecke, Chief Justice, and Tongue, Linde and O'Connell, Justices.

O'CONNELL, J., Pro Tempore.

**O'CONNELL, J.,** Pro Tempore.

This is an action to recover damages for breach of contract brought against defendant real estate broker. Based upon evidence in the record of previous litigation between the same parties and involving the same transaction,[1] the trial court found that defendant had performed the contract and therefore allowed defendant's motion for summary judgment. Plaintiffs appeal.

The evidence establishes that in December 1970 defendant sold a parcel of real property to plaintiffs and as a part of the transaction defendant agreed that if within six months plaintiffs notified defendant that they were not satisfied with the property, defendant would, at the same price paid by plaintiffs, sell the property to another purchaser.

The record shows without dispute that pursuant to the agreement between plaintiffs and defendant, and within the six-month period, the property was sold to Calvin Ludeman on April 30, 1971, by contract at a price of $26,000 with a down payment of $1,000. Ludeman made two payments on the contract and on October 4, 1971, he informed plaintiffs that because his plans for improving the property had gone awry, he could not continue performance under the contract. On October 27, 1971, plaintiffs accepted a reconveyance of the property and cancelled the contract. Plaintiffs' suit against defendant and the original owner of the real property seeking rescission resulted in a decree adverse to plaintiffs which was affirmed by this court. *Engelking v. Field,* 268 Or 537, 522 P2d 493 (1974).

Plaintiffs subsequently filed this action against defendant seeking to recover damages for defendant's failure to perform his agreement. The complaint alleged:

"V

"That at the time of the said sale the defendant

---

[1] The judgment in the previous litigation was appealed and is reported in *Engelking v. Field,* 268 Or 537, 522 P2d 493 (1974).

contracted with the plaintiffs that if they would purchase the said property and try it for six months, and if the plaintiffs did not then want it, he would buy it or sell it for them at the price of $25,000, which is the same price paid for it by the plaintiffs. That the plaintiffs demanded that the defendant buy the said property for the said sum but the defendant has failed to comply with his said agreement."

Although the contract alleged by this paragraph is open to the interpretation that defendant agreed to insure that plaintiffs would receive everything they had paid for the property, in effect a guarantee that plaintiffs would suffer no economic loss, a more reasonable interpretation is that defendant agreed either to buy the property or to act as a real estate agent for plaintiffs and to produce a buyer. Under the latter interpretation the defendant's obligation would be the same as that undertaken by a broker who agrees to sell property for a commission. Plaintiffs apparently accept the latter interpretation, inasmuch as their principal argument at trial and on appeal is based upon the language in *Setser v. Commonwealth, Inc.,* 256 Or 11, 470 P2d 142 (1970), which dealt with the question of when a sale was sufficiently complete to entitle a broker to a commission. The language in *Setser* relied on by plaintiffs is as follows:

" '* * * If the contract is not consummated because of lack of financial ability of the buyer to perform or because of any other default of his, * * * there is no right to commission against the seller. * * * In short, in the absence of default by the seller, the broker's right to commission against the seller comes into existence only when his buyer performs in accordance with the contract of sale.' " 256 Or at 21.

Plaintiffs contend that it was shown that Ludeman was not able to perform the contract and therefore the rule adopted in *Setser v. Commonwealth, supra,* is applicable. But if plaintiffs had gone on to the next paragraph in *Setser* they would have found their contention answered. There it was said:

"It should be emphasized that the adoption of this

[ 240 ]

rule does not mean that the buyer must completely perform all of the terms of an installment contract of sale before the broker is entitled to his commission. Thus, if the buyer has done everything necessary under the contract to close the sale and there remains only the payment of future installments, the broker need not wait until the future installments are paid before he is entitled to his commission.

"In such a case the sale is deemed to have been consummated subject to defeasance only by the subsequent failure to perform. This is to be contrasted with the situation where, although there is a contract of sale, the buyer has not paid any money to the seller nor done any other act called for by the contract. Where the buyer fails to make the down payment or other acts ordinarily regarded as a part of and necessary to the closing of the sale, the transaction is not consummated and the broker is not entitled to a commission." 256 Or at 22.

In the case before us the contract of sale to Ludeman was completed, a fact which plaintiffs themselves recognized, evidenced by the fact that they deemed it necessary to accept a reconveyance of the property.

It is possible that plaintiffs could produce evidence to show that the intention of the parties in entering into this agreement was to guarantee that plaintiffs would suffer no loss due to the purchase of the property in question. If this were shown the rule of the *Setser* case would not apply and plaintiffs might be entitled to recover. Plaintiffs' appeal can be taken as an assertion that the possibility of producing such evidence constituted a material issue of fact and that therefore summary judgment was inappropriate. This assertion comes too late, however, since plaintiffs made no such argument at the hearing on the motion for summary judgment, nor did they present affidavits indicating that evidence could be adduced showing that the purpose of the agreement was to guarantee to plaintiffs that they would be reimbursed for the entire purchase price. As was pointed out in *Pelege v. Chrysler,* 278 Or 223, 563 P2d 701 (1977), a party

against whom an adequately supported motion for summary judgment is made must, to defeat it, specify some evidence which could be produced if the case were to go to trial.

In the present case defendant's motion was adequately supported and plaintiffs did not apprise the trial court of any evidence which might resolve a material issue of fact. Plaintiffs' position both below and on appeal has been that the alleged contract was not performed, basing that argument on a misinterpretation of *Setser v. Commonwealth, Inc., supra.*

Affirmed.