Argued and submitted May 13, affirmed November 9, 1983, reconsideration denied
January 6, petition for review denied February 8, 1984 (296 Or 411)

# MILLSPAUGH,
## *Appellant,*

*v.*

# PORT OF PORTLAND,
## *Respondent.*

## (A8106-03273; CA A26400)

671 P2d 743

Robert P. Johnson, Portland, argued the cause for appellant. With him on the briefs was Johnson & Shinkawa, Portland.

Douglas A. Stamm, Portland, argued the cause for respondent. With him on the brief was Wood Tatum Mosser Brooke & Holden, Portland.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

Gillette, P. J., dissenting.

## WARDEN, J.

Plaintiff appeals a summary judgment for defendant on a personal injury claim. The court found that plaintiff's injury occurred on defendant's dock and not on navigable waters of the United States. It ruled that "[t]he claim is not within federal maritime tort jurisdiction * * * but rather is controlled by the law of the State of Oregon" and that, because plaintiff received workers' compensation, defendant is immune from tort liability under ORS 30.265(3)(a):

"(3)   Every public body and its officers, employes and agents * * * are immune from liability for:

"(a)  Any claim for injury to or death of any person covered by any workers' compensation law."

To obtain a summary judgment, the moving party must show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. ORCP 47C. Our function on appeal is to examine the record to determine if there are triable issues of fact that would preclude summary judgment. *Forest Grove Brick v. Strickland,* 277 Or 81, 84-85, 559 P2d 502 (1977). The record here for summary judgment purposes includes the pleadings, two affidavits, four photos and the deposition of plaintiff, all submitted by defendant. Plaintiff did not submit counter affidavits or offer any other evidence in opposition to the motion.

The record reveals the following uncontradicted facts. On the date of his injury, plaintiff was employed as a longshoreman by Jones Oregon Stevedoring Company. He was working as a safety boatman in a 12-foot skiff on the outside of a log raft from which logs were being loaded on an ocean-going vessel, the "Green Spanker." He decided to go ashore by way of a dock located at defendant's Terminal No. 2. He tied the skiff to the dock and climbed up a vertical ladder that was permanently affixed to the dock. His injury occurred when he was at the top of the ladder. The injury was covered by the Longshoremen's and Harbor Workers' Compensation Act (LHWCA), 33 USC § 901, *et seq,* and he received worker's compensation benefits under that act.

■■   Plaintiff first contends that the trial court erred in ruling that his claim is not within federal maritime jurisdiction but was controlled by the law of Oregon. In considering

plaintiff's contention, we note initially that a determination of maritime jurisdiction depends upon a locality test. Generally, personal injuries that occur on land are covered by state substantive law, while those that occur on navigable waters are covered by federal maritime law. The onshore end of a gangplank historically has served as the dividing line. Typically, the elements of a maritime cause of action are found only if the injury occurs aboard ship or is caused by equipment that is part of the ship's usual gear, stored on board, attached to the ship or under the control of the ship or its crew. *Victory Carriers v. Law,* 404 US 202, 92 S Ct 418, 30 L Ed 2d 383 (1971).

■ The essence of plaintiff's argument is that the dock ladder on which he sustained his injury was a piece of equipment necessary to perform work on the ocean-going "Green Spanker" and therefore, by analogy to a gangplank, should be considered an appurtenance of the ship and invoke maritime jurisdiction. We find this argument unpersuasive, and the cases relied upon by plaintiff, which hold that injuries occurring on gangplanks or catwalks connecting a vessel with the shore are within maritime jurisdiction, to be inapplicable. The ladder in question, unlike a gangplank, does not provide a means of ingress and egress directly from the ship to the shore. The mere fact that the ladder is used as a means of access from the *skiff* to the shore does not convert it into an appurtenance of the "Green Spanker." None of the elements relevant to the locality rule of *Victory Carriers,* are present. The ladder here is not part of the ship's usual equipment, rather, it is permanently affixed to the dock and is in no way attached to the ship. The ladder is an integral part of the dock and cannot be considered as an appurtenance of the ship. All the evidence supports the trial court's conclusion that plaintiff's injury occurred on defendant's dock and not on navigable waters of the United States. Because the injury occurred on a land structure, it is not within admiralty jurisdiction.

■■ Plaintiff also argues that the fact that he received worker's compensation benefits under the LHWCA, as amended in 1972 to include land areas, is determinative of federal jurisdiction for purposes of this action.[1] We disagree.

---

[1] 33 USC § 903 provides, in pertinent part:

"(a) Compensation shall be payable under this Act in respect of disability or death of an employee, but only if the disability or death results from an injury

That a person is eligible for compensation benefits under the LHWCA does not mean that his injury is within maritime jurisdiction for purposes of a claim against a party other than his employer. The 1972 amendments extending coverage under the LHWCA to land areas where longshoremen work were intended to permit a uniform system of compensation for employes who otherwise would be covered by the federal act for part of their work activity and by state workers' compensation laws for other parts of it, depending solely upon whether the activity occurred on land or water. 1972 US Code Cong & Adm News 4708 (1972). Nothing in the LHWCA extends admiralty jurisdiction over third party tortfeasors for injuries occurring on land. *See Parker v. South Louisiana Contractors, Inc.,* 537 F2d 113 (5th Cir 1976), *cert den* 430 US 906 (1977). Plaintiff's personal injury claim is subject to the laws of the State of Oregon.

Plaintiff next challenges defendant's defense of statutory immunity under ORS 30.265(3)(a):

"(3)   Every public body and its officers, employes and agents acting within the scope of their employment or duties, or while operating a motor vehicle in a ridesharing arrangement authorized under ORS 276.598, are immune from liability for:

"(a)   Any claim for injury to or death of any person covered by any workers' compensation law."

Plaintiff argues that, if ORS 30.265(3)(a) applies, defendant waived immunity by procuring liability insurance or, in the alternative, that the statute violates constitutional guarantees of equal protection under Article I, section 20, of the Oregon Constitution and the 14th Amendment of the federal Constitution. We find no merit to either argument.

■■   Assuming that, if defendant had procured liability insurance, it would have waived its immunity, plaintiff's

---

occurring upon the navigable waters of the United States *(including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employee in loading, unloading, repairing, or building a vessel).*" (Emphasis supplied.)

The 1972 Amendments substituted the italicized language for "including any drydock."

argument is not well taken. To defeat an adequately supported motion for summary judgment, the party against whom it is made must specify some evidence which could be produced if the case were to go to trial. *Engleking v. Boyce,* 278 Or 237, 241-42, 563 P2d 703 (1977). Plaintiff produced no evidence, by affidavit or otherwise, regarding defendant's procurement of liability insurance. Plaintiff's bare assertions, contained in his trial memorandum and in his brief on appeal, that defendant has such insurance, without more, do not create a genuine issue of material fact so as to preclude summary judgment. *See Pelege v. Chrysler,* 278 Or 223, 227, 563 P2d 701 (1977). We also reject plaintiff's argument that ORS 30.265(3)(a) unconstitutionally denied him equal protection of the laws. This court denied a similar constitutional challenge to an earlier version of the statute in *Edwards v. State Military Dept.,* 8 Or App 620, 494 P2d 891, *rev den* (1972), and we adhere to the analysis made in that case, because the statutory changes have not affected it.

The record reveals no material question of fact, and we hold that the trial court did not err in granting summary judgment to defendant.

Affirmed.

**GILLETTE, P.J.,** dissenting.

The majority says (65 Or App at 392):

"* * * The ladder is an integral part of the dock and cannot be considered as an appurtenance of the ship.* * *"

With respect, I disagree. The ladder is as much an appurtenance of the ship as is any other gangway, whether that gangway is affixed to the shore and extended to the ship, or affixed to the ship and extended to the shore. Despite its verticality and its rigorous attachment to the dock, this ladder is just another gangway. I would find the accident on this ladder, as is true of an accident on any other gangway, to be within admiralty jurisdiction.

I respectfully dissent.