Argued and submitted September 28, affirmed November 23, 1988, reconsideration
denied March 24, petition for review denied April 18, 1989 (307 Or 658)

JUNGEN et al,
*Appellants,*

*v.*

STATE OF OREGON,
*Respondent.*

(L86-2634; CA A45994)

764 P2d 938

G. Dennis Halkides, Redding, California, argued the cause for appellants. With him on the briefs was Halkides & Morgan, Redding, California.

Margaret E. Rabin, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiffs appeal from an ORCP 67B judgment granting the state's motion to dismiss a claim on the ground that the state is immune from liability under ORS 30.265(3)(a).

We affirm.

Alfred Jungen, an employe of a California corporation, was fatally injured when the tractor he was driving overturned on an Oregon state highway. His employer's workers' compensation carrier paid benefits to his surviving spouse, who, as administratrix of his estate, brings this wrongful death action against the state, alleging that it negligently constructed and repaired the road. Fremont Indemnity Company, claiming that it is subrogated to the administratrix's rights, seeks reimbursement for the workers' compensation benefits it that paid to the deceased's spouse.

ORS 30.265, a section of the Oregon Tort Claims Act, provides, in relevant part:

"(1) Subject to the limitations of ORS 30.260 to 30.300, every public body is subject to action or suit for its torts and those of its officers, employes and agents acting within the scope of their employment or duties * * *.

"* * * * *

"(3) Every public body * * * [is] immune from liability for:

"(a) Any claim for injury to or death of any person covered by any workers' compensation law."

Plaintiffs contend that subsection (3)(a) violates both Article I, section 20, of the Oregon Constitution and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution by discriminating against persons receiving workers' compensation benefits. They argue that it precludes them from suing the state for pain, suffering, emotional injuries and loss of consortium, which are not recoverable under the Workers' Compensation Law, but are recoverable by persons who are not covered by workers' compensation and who are allowed to sue the state. *See* ORS 30.020.

Plaintiffs make the same arguments in support of both their state and federal claims. They argue, first, that

Article I, sections 1 and 10,[1] of the Oregon Constitution create an "important" or a "fundamental" right guaranteeing to each person "the right to sue for all compensable components of personal injury." They urge us to apply strict judicial scrutiny to determine if subsection (3)(a) narrowly accomplishes a compelling state purpose. Plaintiffs acknowledge that we rejected an Article I, section 20, constitutional challenge of an earlier version of that subsection in *Edwards v. State Military Dept.,* 8 Or App 620, 494 P2d 891, *rev den* (1972), where we held that the classification was reasonable and did not offend the equal protection guarantees of the Oregon or United States Constitutions. 8 Or App at 626; *see also Millspaugh v. Port of Portland,* 65 Or App 389, 394, 671 P2d 743 (1983), *rev den* 296 Or 411 (1984). They argue, however, that *Edwards* is not dispositive in this case, because there we applied the rational basis standard of review and not strict judicial scrutiny, which they contend is warranted here because a "fundamental right" is involved. They also contend that the statute does not satisfy the rational basis standard of review. Alternatively, they argue that under the "balancing test" of *Olsen v. State ex rel Johnson,* 276 Or 9, 20, 554 P2d 139 (1976), the detriment caused to them by subsection (3)(a) outweighs the state's justification.

■      We address plaintiffs' state constitutional claim first. We consider plaintiffs Article I, section 20,[2] challenge, despite our earlier decision in *Edwards v. State Military Dept., supra,* because the Oregon Supreme Court has altered its Article I, section 20, analysis since we issued that decision. The court in *Olsen v. State ex rel Johnson, supra,* announced a "balancing test" approach in place of the federal "fundamental rights" analysis. Although the court has not explicitly rejected the *Olsen* test, it has not in recent years applied it to an Article I, section 20, challenge. *See* Schuman, "The Right to Equal

---

[1] Article I, section 1, provides, in part, that "[w]e declare that all men, when they form a social compact are equal in right * * *." Article I, section 10, provides, in relevant part, that "every man shall have remedy by due course of law for injury done him in his person, property, or reputation."

[2] Article I, section 20, provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

Privileges and Immunities: A State's Version of 'Equal Protection,'" 13 Vt L Rev 221, 228 n 43 (1988).[3] Therefore, we turn to its current analysis, as articulated, in part, in *State v. Clark, supra* n 3, 291 Or at 240. In order to succeed, plaintiffs must show, (1) that another group has been granted a "privilege" or "immunity" which their group has not been granted, (2) that subsection (3)(a) discriminates against a "true class" on the basis of characteristics which they have apart from that statute, *Hunter v. State of Oregon, supra* n 3, 306 Or at 533; *State v. Clark, supra* n 3, 291 Or at 240, and (3) that the distinction between the classes is either impermissibly based on persons' immutable characteristics, which reflect "invidious" social or political premises, or has no rational foundation in light of the state's purpose. *Van Daam v. Hegstrom,* 88 Or App 40, 43-44, 744 P2d 269 (1987), *rev den* 305 Or 433 (1988).

■ The opportunity to sue the state is a "privilege" which subsection (3)(a) denies to persons who have recovered workers' compensation benefits. By doing so, it discriminates against a "true class" and therefore, is subject to Article I, section 20, scrutiny. The distinction drawn between persons receiving workers' compensation benefits and those not receiving benefits is established by workers' compensation laws, *see* ORS 656.001 *et seq,* and exists independently of subsection (3)(a). *Van Daam v. Hegstrom, supra,* 88 Or App at 45. That distinction is not based on immutable personal characteristics, such as race or gender. Accordingly, plaintiffs must show that subsection (3)(a) is not rationally related to a legitimate state purpose. Plaintiffs have failed to do so. We conclude, for the reasons we discussed in *Edwards,* that there is a rational basis for retaining governmental immunity as to those persons receiving workers' compensation benefits.

---

[3] The author points out on page 228, n 43, that "*Olsen* predated the court's rejection of judicial balancing, and has not been followed. In *Hunter v. State,* 84 Or App 698, 735 P2d 1225 (1987), the Oregon Court of Appeals decided a criminal procedure case using the *Olsen* balancing test. The Supreme Court of Oregon allowed review and requested counsel to brief the question of *Olsen's* continuing validity." In *Hunter v. State of Oregon,* 306 Or 529, 533, 761 P2d 502 (1988), the Supreme Court applied the *Clark* analysis, *see State v. Clark,* 291 Or 231, 240, 630 P2d 810, *cert den sub nom Clark v. Oregon,* 454 US 1084 (1981), and did not discuss *Olsen.*

■    We turn to plaintiffs' argument that the statute violates the Equal Protection Clause of the Fourteenth Amendment.[4] The right to sue the state is not a "fundamental right" requiring strict judicial scrutiny under a federal analysis, because it is not a right that is "explicitly or implicitly protected by the [United States] Constitution." *San Antonio School District v. Rodriguez,* 411 US 1, 16-17, 93 S Ct 1278, 36 L Ed 2d 17 (1973); *see also State v. Wagner,* 305 Or 115, 139, 752 P2d 1136 (1988). Our conclusion that there is a rational basis for the statute under plaintiffs' state claim is equally applicable to their federal claim.

Affirmed.

---

[4] The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o state shall * * * deny to any person within its jurisdiction the equal protection of the laws."