Argued and submitted February 12, affirmed April 4, 1990

# WARD,
## *Appellant,*
### *v.*
# ROMIG et al,
## *Respondents.*

(88-3-241; CA A50858)

790 P2d 44

Richard S. Mannis, Portland, argued the cause for appellant. On the brief was Susan M. Muzik, Portland.

Janet M. Schroer, Portland, argued the cause for respondents. On the brief were Richard J. Kuhn, Schwabe, Williamson & Wyatt and Ridgway K. Foley, Jr., P.C., Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

## PER CURIAM

Plaintiff was injured in a collision between her vehicle, which she was driving in the course of her employment, and one that defendant Romig was driving in the course of her employment for defendant City of Lake Oswego. The trial court granted defendants' motion for summary judgment on the ground that plaintiff's injury was covered by the Workers' Compensation Law and that defendants are therefore immune from liability under ORS 30.265(3)(a). Plaintiff appeals and contends that the statute violates Article I, section 20, of the Oregon Constitution, and the Equal Protection Clause and the Commerce Clause and the right to travel under the United States Constitution.

We rejected arguments analogous or identical to plaintiff's Article I, section 20, and equal protection contentions in *Jungen v. State of Oregon,* 94 Or App 101, 764 P2d 938 (1988), *rev den* 307 Or 658 (1989). Her Commerce Clause and right to travel arguments fail, *inter alia,* because nothing in the record or in her arguments, other than her theoretical conjectures, supports her understanding that the statute has had or can have any effect on or relationship to interstate commerce or travel.

Affirmed.