ARMSTRONG, P.J.
*149 Plaintiff appeals a judgment that dismissed his negligence claim on summary judgment. Plaintiff was injured in a vehicular accident while he was driving an 18-wheel tractor trailer for work. Plaintiff filed this negligence action against the State of Oregon claiming that the state's design and maintenance of a highway interchange led to the accident and his resulting injuries. The state moved for summary judgment, contending *658 that ORS 30.265(6)(a) makes the state immune from liability to plaintiff for his injuries because plaintiff's injuries were covered by the workers' compensation law. The trial court agreed with the state, granted summary judgment, and dismissed the action. Plaintiff assigns error to the trial court's grant of summary judgment, contending that ORS 30.265(6)(a) violates Article I, sections 10 and 20, of the Oregon Constitution and the Fourteenth Amendment to the United State Constitution.[1] For the reasons that follow, we conclude that the trial court did not err and affirm.
Plaintiff was driving an 18-wheel tractor trailer westbound on Interstate 84 in Portland near the interchange with Interstate 5. He was driving in the middle lane, and a car was in the right lane. As both vehicles approached the interchange, the car changed lanes into the side of the tractor trailer. The accident caused the tractor trailer to crash through a guard rail at the interchange, fly off the interstate, and fall approximately 50 feet. Plaintiff suffered severe injuries. Plaintiff qualified for and received workers' compensation benefits, including partial lost wages and partially reimbursed medical expenses.
Plaintiff brought a negligence action against the state, seeking both economic and noneconomic damages for the state's alleged negligent design and maintenance of the interchange. The state moved for summary judgment, contending that ORS 30.265(6)(a) immunized the state from liability for plaintiff's injuries. ORS 30.265(6)(a) provides, as relevant:
*150 "Every public body and its officers, employees and agents acting within the scope of their employment or duties * * * are immune from liability for:
"(a) Any claim for injury to or death of any person covered by any workers' compensation law."
Plaintiff responded that ORS 30.265(6)(a) violates Article I, section 20, of the Oregon Constitution by treating people who are covered by the workers' compensation law differently from those who are not when there is no rational basis for that difference in treatment, thereby rendering the statute void. See, e.g. , Crocker and Crocker , 332 Or. 42, 54, 22 P.3d 759 (2001). Plaintiff also contended that ORS 30.265 (6)(a) violates the Fourteenth Amendment because the statute does not have a "rational relation to some legitimate end." See, e.g. , Romer v. Evans , 517 U.S. 620, 631, 116 S.Ct. 1620, 134 L.Ed.2d 855 (1996).
Plaintiff reprises those arguments on appeal. Plaintiff acknowledges that our case law is directly adverse to his arguments. We conclude that Jungen v. State of Oregon , 94 Or. App. 101, 104-06, 764 P.2d 938 (1988), rev. den. , 307 Or. 658, 772 P.2d 1341, cert. den. , 493 U.S. 933, 110 S.Ct. 322, 107 L.Ed.2d 313 (1989) ; Millspaugh v. Port of Portland , 65 Or. App. 389, 394, 671 P.2d 743 (1983), rev. den. , 296 Or. 411, 675 P.2d 493 (1984) ; and Edwards v. State of Oregon , 8 Or. App. 620, 626, 494 P.2d 891 (1972), are contrary to plaintiff's arguments that ORS 30.265(6)(a) violates Article I, section 20, and the Fourteenth Amendment. We adhere to those decisions and reject plaintiff's arguments.
Plaintiff next argues that ORS 30.265(6)(a) violates Article I, section 10, of the Oregon Constitution as construed in Horton v. OHSU , 359 Or. 168, 376 P.3d 998 (2016). Plaintiff raised his argument under Article I, section 10, in his reply brief, claiming that Horton significantly altered the analysis under Article I, section 10, thereby making it appropriate for us to consider his argument notwithstanding that he had not raised it in his opening brief. The state objects to our consideration of plaintiff's argument because he failed to timely raise it. See ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief * * *.").
*151 We agree with the state. Plaintiff filed his opening brief 12 days after the Supreme Court issued its decision in Horton . Thus, *659 plaintiff could have included his argument under Horton in his opening brief. Because plaintiff could have done that, we consider plaintiff's argument under Horton to be untimely and do not consider it. See, e.g. , Clinical Research Institute v. Kemper Ins. Co. , 191 Or. App. 595, 608, 84 P.3d 147 (2004) ("We generally will not consider a basis as to why the trial court erred that was not assigned as error in the opening brief but was raised for the first time by way of reply brief.").
Affirmed.

Plaintiff also contended in his opening brief that the trial court had erred in its construction of ORS 30.265(6)(a) in granting summary judgment. He withdrew that argument in his reply brief. Accordingly, we do not address it.