Argued October 5, 1977, reversed and remanded with instructions
March 28, 1978

TIMBERLINE EQUIPMENT CO., INC.,
*Respondent,*
*v.*
ST. PAUL FIRE AND MARINE
INSURANCE COMPANY, *Appellant.*
(No. 420-723, SC 25060)

576 P2d 1244

Jon A. Schiewe, Portland, argued the cause and filed the briefs for appellant.

Gerald R. Pullen, Portland, argued the cause and filed the brief for respondent.

Before Denecke, Chief Justice, Tongue, Linde, Justices, and Gillette, Justice Pro Tempore.

DENECKE, C. J.

Tongue, J., specially concurring.

## DENECKE, C. J.

The plaintiff-insured recovered a judgment in this action against its insurer, the defendant St. Paul Fire and Marine Insurance Company. The trial court entered a voluntary nonsuit for the defendant Fred S. James & Co. St. Paul Appeals.

The theory of the complaint is ambiguous. The most positive language in the complaint alleges that after the loss St. Paul told plaintiff it was covered and is therefore estopped to deny coverage of plaintiff. At the trial, however, the plaintiff's theory was that its loss was covered under the policy issued by St. Paul and was not within an exclusion clause in the policy. St. Paul never objected to plaintiff's proceeding in this manner.

St. Paul in its answer admitted contracting to insure the plaintiff against loss from certain liabilities it might incur but denied the balance of the allegations. St. Paul, however, both at trial and on appeal, has relied upon the theory that most of the loss for which plaintiff sought reimbursement was not covered because of an exclusion clause in the policy.

The trial court made no special findings to indicate on what basis it held for plaintiff. Plaintiff argued in this court that St. Paul could not contend that the exclusion clause applied because it failed to plead it.

If the theory of plaintiff's complaint was estoppel, as the language of the complaint indicates, the exclusion clause would be immaterial and unnecessary to plead. Because the allegations of the complaint made the exclusion clause immaterial and because at all stages of the trial court proceeding except at the close, both parties proceeded on the basis that the issue was the applicability of the exclusion clause, we will decide the case on that basis.

The plaintiff, Timberline Equipment Co., is a dealer in logging equipment. It sold a combination

tower and yarder to a logger at a price of approximately $200,000. Timberline purchased these from the manufacturer. Timberline also sold the logger, as part of the same transaction, guylines to rig the tower which Timberline bought from another source. The guylines were defective, broke and caused the tower to collapse. The logger brought an action against Timberline for damages to the tower and for other damage.

St. Paul had issued a liability policy to Timberline and Timberline called upon St. Paul to defend the action brought by the logger. St. Paul refused. Timberline settled the logger's action and brought this action for the costs of defense and for the amount paid in settlement.

St. Paul contends that its policy excludes liability for damages to the tower. An exclusion clause of the policy provides that the insurance does not apply: "(k) to property damage to the Named Insured's products arising out of such products or any part of such products." The policy's definitions provide: "Named Insured's products means goods or products manufactured, sold, handled or distributed by the Named Insured * * *." St. Paul contends the tower and guylines were "products * * * sold * * * by the Named Insured" and the damage to the tower arose out of "a part of such products"; that is, the guylines. The issue is whether the policy excludes recovery for only damage to the guylines or also damage to the tower.

In *Paxton-Mitchell Co. v. Royal Indemnity Co.*, 279 Or 607, 569 P2d 581 (1977), we were called upon to interpret an identical exclusion clause. That decision, however, is not decisive because the facts and the issue were significantly different.

In that case, the insurer conceded on appeal that whether the truck was a "product" was a question of fact, but contended there was no evidence to support the trial court's decision. We proceeded on the basis of

the concession that it was a question of fact and concluded there was evidence and affirmed.

■ As a general rule the construction of a contract, including an insurance contract, is a question of law. *May v. Chicago Insurance Co.,* 260 Or 285, 292-294, 490 P2d 150 (1971). The exception to this rule is that if the language of the contract is ambiguous, or if technical words, local phrases or terms of art are used and evidence is properly admitted showing meaning, the question becomes one of fact. *Libby Creek Logging, Inc. v. Johnson,* 225 Or 336, 339, 358 P2d 491 (1960).

■ We conclude the language of the exclusion clause, as applied to the issue in this case, is not ambiguous. The interpretation of the clause is a question of law.

Neither party has attempted to explain the purpose of this exclusion. One writer stated the purpose as follows:

"The products hazard and completed operations provisions are not intended to cover damage to the insured's products or work project out of which an accident arises. The risk intended to be insured is the possibility that the goods, products or work of the insured, once relinquished or completed, will cause bodily injury or damage to property other than to the product or completed work itself, and for which the insured may be found liable. The insured, as a source of goods or services, may be liable as a matter of contract law to make good on products or work which is defective or otherwise unsuitable because it is lacking in some capacity. This may even extend to an obligation to completely replace or rebuild the deficient product or work. This liablity, however, is not what the coverages in question are designed to protect against. The coverage is for tort liability for physical damage to others and not for contractual liability of the insured for economic loss because the product or completed work is not that for which the damaged person bargained." Henderson, *Insurance Protection for Products Liability and Completed Operations — What Every Lawyer Should Know,* 50 Neb L Rev 415, 441 (1971).

[ 643 ]

This appears to be a reasonable explanation of the exclusion's purpose. The insurance provides liability coverage that is, coverage for the insured's tort liability to a third party.

The exclusion clause in the standard policy formerly excluded damages to: "Any goods or products manufactured, sold, handled, or distributed by the Insured or work completed by or for the Insured out of which the accident arises." *Paxton-Mitchell Co. v. Royal Indemnity Co., supra,* (279 Or at 614, n 4), quoting from *Kendall Plumbing Inc. v. St. Paul Mercury Ins. Co.,* 189 Kan 528, 370 P2d 396 (1962).

■ Some courts construed this clause not to exclude recovery for damages to one or more components of the whole caused by a defect in another component. For example, *Blackfield v. Underwriters at Lloyd's,* 245 Cal App2d 271, 53 Cal Rptr 838 (1966). In 1966 this exclusion in the standard policy was revised in an attempt to change this interpretation. 50 Neb L Rev, *supra,* at 442, n 95. The exclusion clause in the present policy is the 1966 revised version. It provides that the coverage does not apply "to property damage to the Named Insured's products arising out of such products *or any part of such products."* (Emphasis added.) Applied to this case, we construe that clause to mean that this insurance does not apply to property damage to Timberline's products (the tower and guylines) caused by a part of these products; that is, the defective guylines. Thus construed, the policy does not cover the damage to the tower or loader.

*Biebel Bros., Inc. v. United States Fidelity & G. Co.,* 522 F2d 1207 (8th Cir 1975), under similar facts interpreted the clause as we do. The court in that case considered the 1966 revised version of the exclusion clause; that is, one identical to the clause in this case. Biebel Bros., the insured, applied its products, asphalt, base sheets and roofing felts, to a roof. The asphalt was unsuitable for the job and Biebel Bros. was compelled to remove all the material it had placed on

the roof and in so doing all of these materials were necessarily destroyed. Biebel Bros. made a claim against its liability insurance carrier. The court held the exclusion applied and the loss of the base sheets and roofing felts, as well as the defective product, the asphalt, were not covered. The court stated:

> "It is our considered judgment that the district court committed error in limiting exclusion (m) to the cost of the asphalt. The language of the exclusion is broad, unambiguous and all-inclusive.
>
> "\* \* \* \* \*.
>
> "The same reasoning is applicable to exclusion (1) [the exact exclusion in the present case], although this exclusion is limited to property damage to appellee's products arising out of such products or any part of such products. The record conclusively establishes that the damaging agent was appellee's asphalt and that the only other property damage was to appellee's products, namely the asphalt coated base sheets and the two layers of saturated roofing felts. Because all the damaged products were removed and replaced, it is obvious that the building itself was not damaged." 522 F2d at 1211.

Timberline cites *Pittsburgh Bridge & Iron Works v. Liberty Mut. Ins. Co.,* 444 F2d 1286 (3d Cir 1971), and *Rowland Constr. v. St. Paul F. & M. Ins.,* 72 Wash2d 682, 434 P2d 725 (1967), as holding contrary to our decision. Both of these cases, however, involved the exclusion clause as it read prior to the 1966 version.

■ A portion of the amount awarded plaintiff was to reimburse it for the expense incurred in defending the claim by the logger. St. Paul admits that because some of the allegations of the logger's complaint alleged a claim which St. Paul covered, it did have an obligation of defending part of the lawsuit and is obligated to reimburse plaintiff for part of its defense costs. We have held: "If the complaint contains some allegations of conduct or damage excluded from the policy but has other allegations which would fall within the policy coverage, the insurer has a duty to defend." *Paxton-Mitchell Co. v. Royal Indemnity Co., supra* (279 Or at 611). The insurer is liable for the total defense costs.

■■ The plaintiff contends that because St. Paul breached its duty to defend, it waived any right to rely on any of the terms of its policy, including the exclusion clause. That argument is incorrect. When a contract is breached the injured party is entitled to receive what he would have if there had been no breach; he is not entitled to receive more. 11 Williston, Contracts (3d ed), 93, § 1305, n 3.

Reversed and remanded with instructions to the trial court to determine the amount to which plaintiff is entitled.

**TONGUE, J.,** specially concurring.

I do not agree with the holding by the majority that the terms of the exclusion clause of this insurance policy are not ambiguous. Because, however, no contention was made by plaintiff that those terms are ambiguous, so as to raise a question of fact as to their meaning, as understood and intended by the parties, I concur in the result.[1]

---

[1] *See Shadbolt v. Farmers Insur. Exch.,* 275 Or 407, 411, 551 P2d 478 (1976), and cases cited therein.