Argued and submitted December 17, 1979, appeal dismissed;
penalty for frivolous appeal assessed January 14, 1980

PARRIES,
*Respondent,*

*v.*

LABATO, et al,
Defendants,

v.

MUTUAL OF ENUMCLAW INS. CO.,
*Appellant.*
(No. A7704-06640, CA 12656)

606 P2d 1172

Alfred T. McGill, Portland, argued the cause for
appellant. With him on the brief were McGill, Clarke
& Kapranos, and John H. Clough, Portland.

Howard Hedrick, Portland, argued the cause and
filed the brief for respondent.

Before Buttler, Presiding Judge, and Gillette and
Roberts, Judges.

[71]

PER CURIAM

## PER CURIAM

Plaintiff obtained a judgment against defendant Labato in excess of the policy limits of appellant Mutual of Enumclaw Insurance Company, the carrier on the automobile public liability insurance issued to defendants. Defendants appealed, but did not post a supersedeas bond pursuant to ORS 19.040. For that reason, the proceedings were not stayed, and plaintiff proceeded to levy execution by way of garnishment against appellant.

Appellant, by various devices, attempted to avoid payment of the full amount of the insurance coverage. The trial court, after hearing, entered judgment against the garnishee-appellant. This appeal followed. Pending the appeal in this proceeding, the appeal in the principal case was decided by an affirmance of that judgment, whereupon appellant satisfied the judgment against it in the garnishment proceedings. This appeal, therefore, is moot, and is dismissed as such.

Plaintiff contends, and we agree, that we should assess the statutory penalty (ORS 19.160) in the amount of ten percent of the judgment because there was no probable cause for taking this appeal. Not only do the assignments of error asserted by appellant have no merit but, in appellant's affidavit submitted at the time of argument in this court, it is apparent that the purpose of this appeal was to avoid paying the policy limits to the plaintiff because money would be dissipated and appellant would have little chance of recovering the funds if the judgment in the principal case were reversed.

In short, the defense to the garnishment proceedings, including this appeal therefrom, were solely for the purpose of avoiding payment of the policy limits until the judgment in the principal case was affirmed. These proceedings were in lieu of a supersedeas bond.

[73]

Appeal dismissed; damages in the amount of ten percent of the amount of the judgment against garnishee-appellant below are assessed and judgment therefor is hereby entered against appellant.