Argued and submitted October 21, 1981, affirmed April 26,
reconsideration denied June 2,
petition for review denied July 7, 1982 (293 Or 373)

## HUNTER,
*Respondent,*

*v.*

## WALLS,
*Appellant.*

### (No. L-79-0455, CA A20563)

643 P2d 1352

Randall B. Kester, Portland, argued the cause for appellant. With him on the briefs was Cosgrave, Kester, Crowe, Gidley & Lagesen, Portland.

Gerald R. Pullen, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals a judgment entered after a jury awarded plaintiff general and punitive damages for injuries sustained in an automobile accident. Defendant admitted liability for the accident and for compensatory damages but not for punitive damages. The sole issue raised by defendant is whether the trial court erred in allowing plaintiff's wife to testify concerning statements made by defendant's passenger.

■ Defendant first contends that the trial court erred in allowing the witness to testify concerning the remarks made to her by defendant's passenger without first conducting an *in camera* hearing. Defendant next contends that the trial court erred in failing to make a preliminary determination that under the circumstances the witness' declaration naturally called for an answer from him. Finally, defendant contends that there was no showing that he was a party to the conversation between his passenger and plaintiff's wife or that he was even paying attention to it. Defendant did not object on any of these grounds at trial. We will not consider defendant's contentions not raised below. *Portland Machinery Co. v. Sistig,* 283 Or 249, 252, 583 P2d 536 (1978).

■ Plaintiff asks that we award ten percent damages for delay. ORS 19.160.[1] Because it does not appear that there was probable cause for taking this appeal, we grant plaintiff's request.

Affirmed. Additionally, plaintiff shall have judgment against defendant for ten percent of the judgment.

---

[1] ORS 19.160 provides:

"Whenever a judgment or decree is affirmed on appeal, and it is for recovery of money, or personal property or the value thereof, the judgment or decree shall be given for 10 percent of the amount thereof, for damages for the delay, unless it appears evident to the appellate court that there was probable cause for taking the appeal."

*See Parries v. Labato,* 44 Or App 71, 604 P2d 1284 (1980); *Wesley v. Woods,* 42 Or App 85, 600 P2d 421, *rev den* 288 Or 1 (1979).