Argued and submitted August 12, affirmed in part;
reversed in part and remanded October 13, 1982

# WALDRIP,
*Appellant,*

*v.*

# DEPENDABLE BUILDING
# MAINTENANCE CO., INC.,
*Respondent.*

(No. A7912-05957, CA A23607)

652 P2d 4

Nels Peterson, Portland, argued the cause and filed the briefs for appellant.

J. Stephen Werts, Portland, argued the cause for respondent. With him on the brief were Katherine H. O'Neil, and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

Dennis Biggs, Jr.,[1] brought this civil action for wages allegedly owed him by defendant. The trial court granted defendant's motion for summary judgment, and plaintiff appeals.

Defendant is in the business of maintenance of buildings for their owners or lessees. On April 3, 1978, Biggs entered into an employment contract as a building maintenance supervisor with defendant. The contract was for a period of one year, renewable annually, and was terminable by transmission of written notice by either party. Under the contract, Biggs' salary was $1000 per month. One provision of the contract relates to a bonus:

"3. In addition to the above compensation, the Employee may be given a bonus, the amount of which, if any, shall be entirely within the Company's discretion."

On January 9, 1979, defendant's president sent Biggs a memorandum outlining a discretionary bonus plan under which Biggs was to receive, in addition to his salary, a commission on each new maintenance contract account that he would obtain. On August 27, 1979, defendant terminated Biggs' employment. Biggs filed this action on December 12, 1979, alleging that defendant owed him $2,728.26 in unpaid commissions. In his fifth amended complaint, filed April 1, 1981, he alleged that defendant owed him $16,943.76, consisting of a $14,215.50 commission on a building maintenance contract signed after he left defendant's employment and the $2,728.26 in commissions accrued before his employment was terminated. In its answer defendant affirmatively alleged that it had never promised to pay Biggs the commission and that such sums were to be gifts, thus far undelivered. In his reply, Biggs alleged that defendant was estopped to assert that the commissions were gifts, because it had withheld social security, unemployment compensation and workers' compensation contributions from previously paid commissions. Defendant moved for summary judgment, relying on the

---

[1] Plaintiff is the personal representative of Dennis Biggs, Jr., the original plaintiff in this action, and was substituted as a party after judgment was entered.

pleadings, depositions and the trial court record on file. The trial court granted defendant's motion.

■    A party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. ORCP 47C; *Stanfield v. Laccoarce,* 288 Or 659, 665, 607 P2d 177 (1980). In this case, defendant contends that it has met that burden by showing that the contract and memorandum regarding bonuses leaves no doubt that the payment of commission to Biggs was totally discretionary with the president of defendant company and that defendant was under no obligation to Biggs for any commissions. Plaintiff's fifth amended complaint alleges the use of a written form furnished by defendant that showed commissions approved by defendant's president or regional manager and that that form constituted a new binding agreement between the parties to pay Biggs commissions for contracts obtained by him. In his deposition, Biggs stated that between April 2, 1979, and August 1, 1979, defendant paid him the full amount of some of the commissions shown on the written form immediately after they were earned. Full payment was contrary to the 1979 bonus plan, which provided that Biggs would receive one-twelfth of the commission every other month over the two-year term of each new maintenance contract.

■ ■    Construction of a contract is a question of law for the court. *Timberline Equipment v. St. Paul Fire and Mar. Ins.,* 281 Or 639, 643, 576 P2d 1244 (1978). The determination whether a contract has been subsequently modified, however, is a question of fact for the jury. *Columbia Co. v. Ross Island Co.,* 145 Or 96, 109-10, 25 P2d 911 (1933). In this case, the pleadings and depositions raise the question whether the 1979 bonus agreement was subsequently modified by use of the written form, and that is a jury question. The trial court, therefore, erred in granting summary judgment as to the $2,728.26 claimed to have been earned by Biggs under the agreement as allegedly modified. However, the claim for the $14,215.50 commission relates to a maintenance contract that was not entered into by defendant until several months after Biggs' employment terminated. It is not listed on the written form that plaintiff

alleges constitutes the agreement modifying his employment contract. Therefore, granting partial summary judgment as to that claim was proper.

Affirmed as to the claim for commissions earned on the maintenance contract entered into after employment of plaintiff's decedent terminated; reversed and remanded as to the claim for commissions earned before his employment was terminated.