Argued and submitted April 29, affirmed December 14, 1983

TOOTHMAN,
*Plaintiff,*

*v.*

CONCEL, INC. et al,
*Appellants,*

*v.*

BOISE-CASCADE CORPORATION,
*Respondent.*

(A8012-07196; CA A26308)

673 P2d 562

James H. Gidley, Portland, argued the cause for appellants. On the briefs were Timothy R. Volpert and Cosgrave, Kester, Crowe, Gidley & Lagesen, Portland.

Barnes H. Ellis, Portland, argued the cause for respondent. On the brief were Joyce M. Bernheim and Charles F. Adams, and Stoel, Rives, Boley, Fraser and Wyse, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

Third-party plaintiffs, Concel, Inc. and APL Corporation (Concel), appeal from a summary judgment for third-party defendant Boise-Cascade (Boise) on Concel's claim for indemnity.

The case arose from a personal injury suffered by a Boise employe operating a paper machine owned by Concel but located in Boise's paper mill in St. Helens. Boise and Concel entered into a contract in 1968, under which Boise agreed to

> "operate, service and maintain [Concel's] paper machine up to full capacity * * * as Concel may direct * * * including the furnishing of all labor, materials, parts, supplies and sundries as may be reasonably necessary * * *."

In February, 1979, Boise's employe was injured when her arm was caught in the machine. Boise paid workers' compensation benefits to the employe, fulfilling its statutory obligation under ORS 656.017(1). The employe subsequently filed an action against Concel, as owner of the paper machine, alleging negligence and a violation of the Employers Liability Act, in that Concel failed properly to instruct the employe, required the employe to use a razor knife while the machine was in motion, failed to inspect the machine and failed to provide a proper guard and mechanical cutters for the paper. Concel filed a third-party complaint against Boise, seeking indemnity for any liability it might incur as a result of the injury to Boise's employe. Boise moved for summary judgment, and the trial court granted it.[1] We affirm.

When a motion for summary judgment is supported by affidavits or other documents, the adverse party may not rest on allegations of the pleadings to raise issues of fact but must respond by affidavit or otherwise. ORCP 47D; *Gleason v. International Multifoods Corp.*, 282 Or 253, 258, 577 P2d 931 (1978); *Verret v. DeHarpport,* 49 Or App 801, 804, 621 P2d 598 (1980). Boise filed an affidavit and documents in support of its motion and asserts that there are no factual disputes and that no independent duty runs from Boise to Concel to maintain a safe workplace or otherwise protect Concel from liability for

---

[1] The jury subsequently returned a verdict against Concel in favor of plaintiff, finding Concel 67 percent negligent and plaintiff 33 percent negligent.

injury to Boise's employes on a theory of negligence or under the Employers Liability Act. As a result, Boise contends that it cannot be liable to Concel as a matter of law and that the trial court was correct in granting summary judgment. Concel filed nothing in opposition to the motion.

Summary judgment may be granted

"* * * if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *" ORCP 47C.

Whether Boise was entitled to a judgment as a matter of law depends on whether, from the materials before the trial court, an issue of fact exists that an independent duty, express or implied, was owed by Boise to Concel. Because we find that there was no such issue of fact, we need not resolve whether ORS 656.018(1)[2] bars this action for indemnification.

Concel argues that Boise voluntarily assumed an independent duty based on Boise's express contractual promises, that Boise breached that duty causing an employe's injury and that Boise should therefore be liable for the resulting judgment against Concel. It relies on *U.S. Fidelity v. Kaiser Gypsum,* 273 Or 162, 539 P2d 1065 (1975). The court held there that, when a third-party plaintiff's liability to an injured worker has resulted from a breach of an independent duty, express or implied, owed by the employer to the third-party plaintiff, an action for indemnity is not barred by ORS 656.018(1), which generally relieves an employer who has

---

[2] The current version of ORS 656.018(1) provides:

"(a)   The liability of every employer who satisfies the duty required by ORS 656.017(1) is exclusive and in place of all other liability arising out of compensable injuries to his subject workers, the workers' beneficiaries and anyone otherwise entitled to recover damages from the employer on account of such injuries or claims resulting therefrom, specifically including claims for contribution or indemnity asserted by third persons from whom damages are sought on account of such injuries, except as specifically provided otherwise in ORS 656.001 to 656.794.

"(b)   This subsection shall not apply to claims for indemnity or contribution asserted by a corporation, individual or association of individuals which is subject to regulation pursuant to ORS chapter 757 or 760.

"(c)   Except as provided in paragraph (b) of this subsection, all agreements or warranties contrary to the provisions of paragraph (a) of this subsection entered into after July 19, 1977, are void."

satisfied the duty of paying statutory compensation from "all other liability" for compensable injuries.

The 1968 contract between Boise and Concel contains no express agreement to indemnify. In *Sandwell International Inc. v. American Can Co.*, 47 Or App 429, 614 P2d 620, *rev den* 290 Or 157 (1980), we held that an engineering firm could not recover against the employer of an injured worker for indemnity, because there was no independent duty of care from the employer to the engineering firm:

> "* * * Such an independent duty does not arise simply from the fact that defendant purchased services from plaintiff. There must be some evidence of a *particular duty. Boldman v. Mt. Hood Chemical Corporation,* [288 Or 121, 128, 602 P2d 1072 (1979)]. * * * American's duty to maintain a safe work environment runs solely to its employes. This duty is discharged by payment of worker's compensation benefits." 47 Or App at 434. (Emphasis in original.)

Concel points to the following specific contractual promises contained in section 8 of the 1968 agreement to support its claim that Boise has an implied independent duty of care:

> "8.    *Operation of the Paper Machine.* Boise shall for the period commencing on May 1, 1969 and ending December 31, 1988:
>
> "(a)    Operate, service and maintain the Paper Machine up to full capacity (now approximtely 40,000 tons of 14 lb. tissue paper per year) in such manner as Concel may direct, and handle, store and ship at the sole costs and expense of Concel the finished paper from the Paper Machine in such manner as Concel may direct, including the furnishing of all labor, materials, parts, supplies and sundries as may be reasonably necessary (or as Concel may reasonably direct in connection with such operations). Full capacity shall include any increase in productive capacity as a result of capital improvements or operating or grade mix efficiencies;
>
> "(b)    Provide and maintain the No. 3 Paper Machine building at the Mill, including all structural facilities used in conjunction with the Paper Machine, but excluding the portions used for the roll grinder, and all services therein in good condition so as to assure the continued operation of the Paper Machine and, in addition, provide the necessary equipment, facilities and labor for transporting finished paper to the

railroad, truck or barge dock facilities used in shipping finished paper from the Mill * * *."

■■ As a general rule, construction of a contract is a question for the court and is a matter of law. *Timberline Equip. v. St. Paul Fire and Mar. Ins.,* 281 Or 639, 643, 576 P2d 1244 (1978); *May v. Chicago Insurance Co.,* 260 Or 285, 292, 490 P2d 150 (1971). The stated purpose of the quoted contract provisions is to maintain the continued and efficient operation of the machine facilities to the end that Concel receive finished paper products. We assume, for purposes of this, that these provisions may create by implication a duty of care from Boise to Concel to protect Concel from liability to Boise's employes for injury. Even if we read the contract to require Boise to operate, service and maintain the machine in a safe manner or condition for the safety of its employes, we conclude that that duty was also assumed by Concel, which undertook in the express provisions of the contract to direct Boise in the manner in which it performed those duties. Accordingly, any such duty would be a joint duty of both Boise and Concel, for which there can be no indemnity. *See U.S. Fidelity v. Kaiser Gypsum, supra,* 273 Or at 177.

■ Concel argues in the alternative that an independent duty arises from the fact that Boise was a bailee of its paper machine. It does not appear from the record that that basis of liability was urged in the trial court. Accordingly, we do not consider it on appeal. *Hunter v. Walls,* 57 Or App 152, 154, 643 P2d 1352, *rev den* 293 Or 373 (1982). Summary judgment in favor of Boise was appropriate.

Affirmed.