Argued and submitted September 11, reversed and remanded December 17, 1986,
reconsideration denied January 30, petition for review denied March 17, 1987
(303 Or 74)

# STUART,
*Appellant,*

*v.*

# TEKTRONIX, INC.,
*Respondent.*

## (84-1160C; CA A38298)

730 P2d 619

Fred L. Kopatich, Portland, argued the cause for appellant. With him on the briefs was Allen, Kilmer, Schrader, Yazbeck & Chenoweth, P.C., Portland.

Miriam Feder, Beaverton, argued the cause for respondent. With her on the brief was N. Eric Jorgensen, Beaverton.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Plaintiff sued Tektronix, Inc., his former employer, for damages resulting from defendant's alleged breach of promise to increase plaintiff's salary. Plaintiff argues that the trial court erred in granting summary judgment to defendant. We agree.

Plaintiff was employed by defendant from 1956 until his retirement in 1983. He did not have a written contract of employment. Throughout plaintiff's employment, defendant had a designated salary scale for each position. Defendant also had a merit pay program in which superior performance was rewarded with pay increases. Employes at the top of the pay scale for their position were considered for promotion to more responsible jobs.

Defendant had an established process to determine merit raises.[1] It involved extensive communication between direct supervisors and their managers and employes. The supervisors would discuss the employe's past performance and proposed salary changes with their superiors, discuss past performance with the employes, seek approval of a Performance Review Record (PRR) and salary change recommendation (SCR) from appropriate superiors and show the employe the PRR and SCR. The salary change would then be implemented.

In 1980, plaintiff was at the top of the salary scale for his position. Thus, he was not given an increase at his annual review in August. In late 1980, plaintiff was asked to implement a document control program. On February 25, 1981, and May 15, 1981, plaintiff's supervisor, Gragert, drafted performance reviews of plaintiff's work and discussed them with plaintiff. The parties dispute whether the written reviews and other related oral communications constituted a recommendation from plaintiff's supervisor to his superiors that plaintiff be given a promotion and a salary increase or whether they constituted a binding promise to plaintiff from his supervisor.

---

[1] The evidence indicates that the procedures used by plaintiff's supervisor in this particular incident may have varied slightly from the official Tektronix process. The Performance Reviews drafted by plaintiff's supervisor on February 25, 1981, and May 15, 1981, were apparently forwarded to plaintiff before a salary change was approved by the supervisor's superiors.

In late May, management decided not to implement the document control program that plaintiff had designed. In July, plaintiff was offered and accepted a position with a lower salary range than his former position. In May, 1982, he again changed positions. He voluntarily retired in August, 1983, without ever receiving the higher salary that he alleges was promised him.

Plaintiff filed this action for breach of contract in September, 1984, seeking damages for loss of income from August, 1981, to August, 1983, and loss of retirement benefits which resulted from Tektronix's failure to increase his salary. Defendant moved for summary judgment, which was granted, and plaintiff appeals.

Summary judgment is appropriate only when the record, viewed in the light most favorable to the non-moving party, indicates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. ORCP 47; *Kinyon·v. Cardon,* 69 Or App 546, 686 P2d 1048, *rev den* 298 Or 427 (1984). Plaintiff claims that the alleged promise to increase his salary was made to him through both written correspondence and oral communications, which he argues constituted an offer which he accepted by continuing in employment at Tektronix.

Generally, construction of a contract is a question of law to be decided by the court. However, faced with an ambiguous agreement, extrinsic evidence may be used to assist in determining the intent of the parties. *Meskimen v. Larry Angell Salvage Company,* 286 Or 87, 592 P2d 1014 (1979); 1 *Corbin on Contracts,* § 95 (1963). When the provisions of a contract are ambiguous and evidence has been properly admitted to explain it, its meaning is a question of fact. *Timberline Equip. v. St. Paul Fire and Mar. Ins.,* 281 Or 639, 576 P2d 1244 (1978). When there is disagreement as to the content and meaning of an oral transaction or a transaction consisting of both written and spoken words, the meaning of the agreement is a question of fact. *Howland v. Iron Fireman Mfg. Co.,* 188 Or 230, 213 P2d 177, 215 P2d 380 (1949); *Winter v. Norton,* 1 Or 42 (1853).

We hold that the meaning of the alleged promise made by defendant is ambiguous and, therefore, a question of fact. It involved, in part, spoken assurances, the substance and

meaning of which are in dispute. In addition, the relevant written correspondence is ambiguous. The May 15, 1981, performance review provides:

> "Due to the magnitude of this project, the contribution that it will make to Tektronix and the professional growth I have seen in Ken over the last five months, I recommend a range adjustment from 98 percentiles of Range 15 to 110 percentile. This is a 12.1 percent salary adjustment. I further recommend that Ken's 'new' position as Document Security Manager be reviewed and ranged by JEC as soon as possible."

It is unclear whether the "recommended" salary increase was for past performance or was tied to the proposed position of Document Securities Manager, which was never created.

Because it is clear that there are disputed issues of fact, summary judgment was not appropriate unless the disputed fact issues are not material to the outcome of the case. Defendant argues that the fact issues are not material because plaintiff is an at will employe whom defendant could have terminated at any time. However, because plaintiff was an at will employe does not necessarily render the disputed fact issues immaterial. We are not aware of any Oregon case which holds that a promise made by an employer to an at will employe for a future salary increase which induces the employe to continue working for the employer is not an enforceable promise. The Supreme Court, in a case which held that a breach of promise to increase the salary of an employe *under contract* is not actionable because of lack of consideration, *Bramhall v. ICN Medical Laboratories, Inc.,* 284 Or 279, 586 P2d 1113 (1978), stated in *dictum:*

> "If plaintiff had not been employed under a contract for a specified term and had then been promised an increase in salary, his continued employment might have provided sufficient consideration for that promise so as to result in a binding contract." 284 Or at 290.

The Supreme Court has held that promises to employes in the form of policies or plans which grant paid vacations, pension and disability payments or year-end bonuses are actionable in the event of breach. *Sabin v. Willamette-Western Corporation,* 276 Or 1083, 557 P2d 1344 (1976); *Rose City Transit v. City of Portland,* 271 Or 588, 533

P2d 339, (1975); *Thompson v. Burr,* 260 Or 329, 490 P2d 157 (1971). We hold that an at will employe who continues employment in reliance on a promise of a future salary increase may hold the employer liable for breach of contract.

■      Even assuming that an at will employe's continued employment in reliance on the promise of a future salary increase is not actionable in a breach of contract case, plaintiff also argues the promise of a salary increase was consideration for his past performance. There are also genuine issues of material fact concerning whether the promise or recommendation of a salary increase was tied to the proposed position of Document Securities Manager, which was never created, or whether it was for past services. Summary judgment was improper.

Reversed and remanded.