Argued and submitted November 8, 1991, reversed and remanded with instructions
March 11, 1992

## Walter and Barbara WOOSLEY,
*Respondents,*

*v.*

## TRANSAMERICA PREMIER
## INSURANCE COMPANY,
*Appellant.*

(89C-11131; CA A66879)

826 P2d 1054

Ronald J. Clark, Portland, argued the cause for appellant. With him on the briefs were Dianne K. Ericsson and Bulli-vant, Houser, Bailey, Pendergrass & Hoffman, Portland.

J. Michael Alexander, Salem, argued the cause for respondents. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Before Buttler, Presiding Judge, and Richardson and De Muniz, Judges.

De MUNIZ, J.

**De MUNIZ, J.**

Defendant appeals from a judgment in favor of plaintiff. It contends that the trial court erred when it denied defendant's motion for a directed verdict. ORCP 60. We reverse.

In reviewing the denial of defendant's motion, we view the evidence in the light most favorable to plaintiffs, the nonmoving parties, and we will reverse the judgment only if there is no evidence to support the verdict. Or Const, Art VII, § 3; *Brown v. J. C. Penney Co.*, 297 Or 695, 705, 688 P2d 811 (1984); *Lynch v. First Colony Life Ins. Co.*, 108 Or App 159, 163, 814 P2d 552 (1991).

Plaintiffs own, and reside in, a mobile home in Aumsville. Defendant issued them an insurance policy that provided, in part:

> "COMPREHENSIVE PERSONAL EFFECTS COVERAGE
>
> "WE'LL pay for direct, sudden and accidental loss of, or damage to YOUR clothing, cooking utensils, radios, TVs, record players and YOUR other personal possessions up to [$6,400]. These personal effects must be located in YOUR mobile home or a fully enclosed adjacent structure located on YOUR premises. Personal effects are items incidental to the use of YOUR mobile home as a dwelling.
>
> "* * * * *
>
> "EXTENSION OF PERSONAL EFFECTS COVERAGE
>
> "WE'LL also pay up to 10% of the amount of Comprehensive Personal Effects Coverage for loss of, or damage to YOUR personal effects outside of, or off the premises of YOUR mobile home or fully enclosed adjacent structure caused by fire * * * or theft." (Emphasis in original.)

A Comprehensive Adjacent Structures Coverage section provides for coverage for losses to "adjacent structures," which are "structures on YOUR mobile home premises which are not attached to the mobile home." Damage to the adjacent structures that occurs when they are in transit is not covered.

Plaintiffs intended to move the mobile home to a new location in Turner. They moved some of their possessions to

the new location. On December 3, 1988, plaintiffs were victimized by a theft of some of their personal property from the Turner site. On December 7, a fire destroyed a pole barn and additional personal property belonging to plaintiffs at the Turner location. Defendant paid plaintiffs a total of $1,280: $640 for each of the two losses. Plaintiffs contend that defendant is liable for the full amount of their losses from the Turner site.

Defendant moved for a directed verdict on the ground that coverage for each loss was limited by the 10% ceiling found in the Extension of Personal Effects Coverage section of the policy. The court denied the motion and observed:

> "[T]he explanation of why they never moved the trailer house may be entirely reasonable under these circumstances and the policy wouldn't require it to be done."

The jury returned a verdict in favor of plaintiffs for $12,718.82.

■    The issue is whether the insurance policy on the mobile home in Aumsville limits coverage to 10% of plaintiffs' losses, which occurred in Turner. If the language in an insurance policy is unambiguous, then construing the contract is a question of law for the court. *Timberline Equip. v. St. Paul Fire and Mar. Ins.*, 281 Or 639, 643, 576 P2d 1244 (1978); *Hoffman Construction Co. v. Fred S. James & Co.*, 106 Or App 329, 332, 807 P2d 808 (1991).

■■    For losses to be covered under the Comprehensive Personal Effects Coverage provisions, the personal property must have been located either in plaintiff's mobile home or in a fully enclosed "adjacent structure located on [their] premises." Neither of plaintiffs' losses occurred in their mobile home in Aumsville. Both of the losses occurred in Turner. The pole barn cannot be considered an adjacent structure located on their premises. A structure cannot be "adjacent" if it is on non-adjoining premises located in a different city. Neither of plaintiffs' losses were covered under the Comprehensive Personal Effects Coverage provisions of the policy. For the same reason, the damage to the pole barn was not covered under that section of the contract or under the Comprehensive Adjacent Structures Coverage section.

■     Plaintiffs contend that the Location provision of the policy provided coverage while they were preparing to relocate their mobile home. That section of the contract provides:

> "YOUR policy provides coverage for the mobile home and adjacent structures anywhere in the United States or Canada. If YOU move YOUR mobile home, please let US know within 30 days. YOUR policy provides coverage for personal effects and liability anywhere in the world, subject to all terms and conditions of the policy."

Plaintiffs argue that, because this provision contemplates relocation, it implies full off-site coverage for personal effects while the policy holders prepare to relocate their mobile home. It does not. By its express and unambiguous terms, coverage for personal effects is "subject to all terms and conditions of the policy."

The only sections of the policy that provide coverage for personal effects are in Comprehensive Personal Effects Coverage and Extension of Personal Effects Coverage sections. Plaintiffs have no coverage for the losses in Turner under the Comprehensive Personal Effects Coverage section. Its only coverage for personal effects is under the Extension of Personal Effects Coverage, which limits defendant's responsibility to 10% of the amount of personal effects coverage for each loss. Defendant has paid that amount to plaintiffs and has no further obligation. Defendant was entitled to judgment as a matter of law, and the trial court erred by denying its motion for a directed verdict.

Reversed and remanded with instructions to enter judgment for defendant.