MEMORANDUM **
Stimson Lumber Company (“Stimson”) appeals the judgment in favor of Wausau and other insurance companies in an insurance coverage action. Stimson seeks to recover for warranty claims paid to Stimson consumers relating to failures or defects in Forestex siding that was manufactured and sold by Stimson. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part and reverse in part and remand for further proceedings.
Stimson contests the district court’s findings that (1) the insurance policy issued by Wausau, a primary coverage provider, does not cover payments Stimson paid as a part of a class action settlement (the “Gardner ” settlement); (2) Wausau does not have to pay for the attorney fees *498 and costs awarded in connection with the Gardner settlement; (3) Wausau’s insurance policies do not cover any state consumer protection or unfair trade act claims; (4) Stimson must pay Home Indemnity’s share of defense costs; and (5) ISOP, an umbrella insurance provider, is not required to indemnify Stimson for the entire cost of the Gardner settlement, irrespective of Stimson’s insolvent primary insurer, Home Indemnity. We review summary judgments de novo. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We “determine, viewing the evidence in light most favorable to the nonmoving party, whether genuine issues of material fact exist and whether the district court correctly applied the applicable relevant law.” Id. “Federal courts sitting in diversity look to the law of the forum state in making a choice of law determination.” Ticknor v. Choice Hotels Int’l., Inc., 265 F.3d 931, 937 (9th Cir.2001). Oregon law governs the interpretation of the insurance contracts at issue in this case. Id. To decide the choice of law in contract actions, Oregon applies the law of the state which has the most significant relationship to the parties and to the transaction. Lilienthal v. Kaufman, 239 Or. 1, 395 P.2d 543, 545 (1964). Thus, we review the Gardner action under Washington law because the Gardner settlement was entered and approved under Washington law. Id.

Insurance Policy Coverage of Payments Made in Class Action Settlements

In June 2004, Stimson entered into a settlement agreement that would compensate the Gardner class action claimants for the “replacement cost of Forestex, including the cost for labor and materials for the removal and replacement of siding materials including an appropriate adjustments for wrap paper, flashing, waste, overlap, painting ... disposal and replacement of trim.” Stimson argues that the district court erred in ruling that the policies do not cover “the cost of removing other parts of the building that are damages by siding,” [ER 24], or damage “incurred as a result of removing the defective siding, such as damages to the wrap paper, flashing, overlap and trim.” [ER 23] Both arguments lack merit. Even if the policy covered damages resulting from the failure of Forestex siding itself, Stimson has failed to show that the Gardner settlement requires to compensate members of the settlement class for these damages. The settlement compensation formula covers only costs associated with the actual removal and replacement of defective Forestex siding. Wausau, therefore, is not bound to pay Stimson with respect to such damages. Further, the district court correctly ruled that the policies do not cover latter type of damages—damages Stimson is required to pay under the compensation formula—as a result of “your product” exclusion contained in the policies. See Wyoming Sawmills, Inc. v. Transp. Ins. Co., 282 Or. 401, 578 P.2d 1253, 1255, 1257(1978).
Stimson also argues that Wausau and the umbrella insurers policies should cover the Unfair Trade Practice Act and the Consumer Protection Act claims. We disagree. The district court correctly held that the policies do not insure against intentional harm. The Gardner class action plaintiffs pled fraudulent and willful concealment by Stimson and the sole inference one could ascertain from the allegations is intentional harmful conduct. See Drake v. Mutual of Enumclaw Ins. Co., 167 Or.App. 475, 1 P.3d 1065, 1069 (2000). We hold that the insurance policies exclude expected or intended property damage or bodily injury. We also hold that it is against public policy to insure against intentionally harmful conduct. Isenhart v. *499 Gen. Cas. Co., 233 Or. 49, 377 P.2d 26, 28 (1962).

Attorney Fees and Cost Awarded in the Class Settlement

The Gardner settlement requires Stimson to pay the class plaintiffs’ attorney fees and expenses. The district court held Wausau does not have to cover Stimson’s obligation to pay for plaintiffs’ attorney fees and cost awarded in connection to the settlement because attorney fees and costs are a form of damages and no contractual obligation existed that requires Wausau to pay plaintiffs’ attorney fees and costs. We agree.
Stimson argues that Wausau and the other primary insurers should cover attorney fees because of their duty to indemnify and the Supplemental Payment Provision. We disagree. “The duty to indemnify is determined by the basis for the settlement.” The Home Ins. Co. v. St. Paul Fire & Marine Ins. Co., 229 F.3d 56, 66 (1st Cir.2000); see also Bankwest v. Fidelity & Deposit Co., 63 F.3d 974, 981 (10th Cir.1995). There are no facts in the record that demonstrate the Gardner settlement agreement is covered under the policy. The settlement only contemplates payment for the replacement of Forestex, which is not covered under the policy. Stimson also contends that the Supplemental Payment Provision that states “we will pay with respect to any claim for ‘suit’ we defend ... all costs taxed against the insured in the suit” requires Wausau to pay attorney fees and costs. We disagree. Under Washington law, the law under which the Gardner settlement was entered and approved, the phrase “costs taxed” does not include attorney fees and expenses. Polygon Nw. Co. v. Am. Nat’l Fire Ins., 143 Wash.App. 753, 189 P.3d 777, 788 (2008) (stating that the Washington cost statute, Wash. Rev.Code. section 4.84.010, “list the costs that may be taxed in a suit in Washington” and “does not include an award of reasonable attorney fees.”).

Wausau’s Defense Obligation after Home Indemnity Insolvency

Stimson argues that the district court erred by treating Stimson as self-insured and ordering Stimson to pay the insolvent Home Indemnity’s portion of the indemnity and defense costs on a pro-rata basis. Stimson contends the duty to defend and the duty to indemnify are different and that this difference should be reflected in the pro-rata principles applied. We agree.
Under Oregon law, the duty to defend an insured is broader than the duty to indemnify. Sch. Distr. No.1, Multnomah County v. Mission Ins. Co., 58 Or.App. 692, 650 P.2d 929, 933 (1982). The duty to defend is triggered if a complaint’s allegations includes any potential basis for coverage; a duty to indemnify is triggered only if the damages awarded to an injured party are actually within the policy’s coverage. If the duty to defend is triggered, the insurer has the duty to pay the defense costs of the entire action. Timberline Equip. Co., Inc. v. St. Paul Fire & Marine Ins. Co., 281 Or. 639, 576 P.2d 1244, 1247 (1978). When multiple insurers have the same duty in a single action, the defense costs can be apportioned. Id. The district court applied this principle correctly when it divided the defense costs amongst the primary insurers. However, the district court erred when it held that Stimson was required to pay Home Indemnity’s share of the defense costs given Home Indemnity’s insolvency. There is no equitable reason to treat Stimson as self-insured in face of Home Indemnity’s insolvency. This circumstance is unlike Insurance Co. of North America v. Forty-Eight Insulations, Inc., 633 F.2d 1212, 1224-25 (6th *500 Cir.1980), where the court held that it was reasonable to divide the defense costs between the insurer and the manufacture because the manufacture was uninsured during a period of time when the loss occurred. Stimson did not assume the risk of self-insured while operating a business. It is unreasonable to treat Stimson as self-insured, when it sought to limit its liability by purchasing primary insurance. See TPLC0, Inc. v. United Nat’l Ins. Co., 44 F.3d 1484, 1495 (10th Cir.1995). We therefore reverse and remand with directions to the district court to determine the defense costs between the solvent primary insurance carriers.

ISOP Umbrella Insurance Dispute

The district court granted also ISOP’s[1] motion for- summary judgment, ruling that Stimson must exhaust the Home Indemnity policy limits before seeking indemnification through ISOP. Stimson contends that the district court misinterpreted the insurance policy. Stimson argues that the phrase at issue—“applicable limits”—means “amount capable of being applied.” Thus, according to Stimson, when Home Indemnity became insolvent, the limits no longer existed and ISOP coverage applied. We disagree. To adopt Stimson’s argument would make Part B of the Limits of Liability portion of the ISOP policy meaningless. Hoffman Const. Co. of Alaska v. Fred S. James & Co., 313 Or. 464, 836 P.2d 703, 706-09 (1992) (stating that if an interpretation makes another part of contract meaningless, it is not a reasonable interpretation). Thus, we agree with district court’s interpretation of the 1990-1992 insurance policy. The applicable limits of the underlying policy remain in force after Home Indemnity’s insolvency. The ISOP insurance policy does not drop down to fill the gap created by the insolvency. Stimson also contends that the district court’s application of the horizontal exclusion rule that requires Stimson to exhaust the applicable limits of all the underlying insurance policies before liability attaches under the ISOP secondary policy was erroneous. We disagree. The policy includes an “other insurances” clause which demonstrates that the ISOP insurance coverage was designed to be excess over scheduled or unscheduled underlying insurance. [ER. 334]
AFFIRMED IN PART; REVERSED and REMANDED IN PART for further proceedings consistent with this disposition.
The parties shall bear their own costs on appeal.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. On remand the district court shall correct its 2004 order to reflect ISOP as the appropriate party that filed the summary judgment *501 motion. National Insurance did not file the motion.